### STATE v. T. B. JOHNSON.

(Filed 25 April, 1928.)

**False Pretense—Nature of Crime—Evidence of Fraudulent Intent—Endorsing Negotiable Instrument.**

> In order to constitute false pretense in the discounting a note at the bank by a maker upon misrepresentation to one of the endorsers that he had secured certain endorsers with him, when, in fact he had used the note without other endorsers, evidence that the maker had turned over to the endorsers on the note his entire stock of merchandise and that he had thereupon had a civil judgment in their favor canceled of record, is material and competent upon the element of intent necessary to constitute the offense charged, and it is reversible error for the judge to reject evidence to this effect. C. S., 4278.

CRIMINAL ACTION before *Harding, J.,* at November Term, 1927, of DAVIDSON.

The defendant was indicted for false pretense. The evidence tended to show that on or about 15 September, 1925, the defendant approached the prosecuting witness, Dr. R. L. Reynolds, and requested him to endorse a note for the sum of $3,000.00, stating to said Reynolds that certain other parties had agreed to sign the note also.

Reynolds testified as follows: "When he came in and wanted this note signed he told me he had seen these fellows and they agreed to sign it and I told him I would sign the note with the understanding that all those fellows were on that note before he put it in the bank, and he said he would see they were all there and he was going to fill it out with

the names before he put it in the bank, and with that understanding I signed the note that he got their names on it before he put it in the bank and that they had already agreed to sign it."

George Curry, who was one of the parties referred to by the defendant, signed the note, and the defendant placed the note in the bank with no signature thereon except that of Curry.

The defendant denied that he had stated to the prosecuting witness that he would secure the names of other parties except Curry and proposed to show upon the question of fraudulent intent that a renewal note was signed by the prosecuting witness and Curry, and that after the giving of said renewal note the defendant confessed judgment in favor of the prosecuting witness and of said Curry in the sum of $3,000.00, and in satisfaction of said judgment executed a bill of sale for his entire stock of goods, valued at $16,000.00, to said Reynolds and said Curry, and the attorney for said Reynolds thereupon marked the judgment satisfied and paid in full; that thereafter Reynolds and Curry took over the defendant's entire business but that the business was not a success and failed. Thereafter in March, 1927, the prosecuting witness Reynolds issued a warrant for the defendant, charging him with false pretense under C. S., 4278. The defendant was convicted and sentenced to be confined in the State's prison, for a term of two years, to be assigned to hard labor and to wear stripes. The defendant appealed, assigning error.

*Phillips & Bowers and H. R. Kyser for defendant.*
*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

BROGDEN, J. It has been held in *S. v. Gibson,* 169 N. C., 318, that it is an indictable offense under C. S., 4278, to procure a person to sign or endorse a note by means of false representation and with intent to cheat and defraud.

The constituent elements of the offense of false pretense are: (1) That the representation was made as alleged; (2) that property or something of value was obtained by reason of the representation; (3) that the representation was false; (4) that it was made with intent to defraud; (5) that it actually did deceive and defraud the person to whom it was made. *S. v. Carlson,* 171 N. C., 818.

The intent to defraud is one of the essential elements of the crime. *S. v. McDonald,* 133 N. C., 680. Thus in *S. v. Garris,* 98 N. C., 735, the Court said: "The essence of the indictment is in the imputed intent to deceive and defraud, and thereby to obtain the goods of the defrauded owner. Unless this intent exists, and is found, the offense is not com-

mitted, and can only be inferred from acts and declarations, and especially from such as occurred at the time of the committing of the alleged fraud. Whatever tends to show that the person charged acted under a misapprehension tends to repel the imputation, and becomes competent upon this inquiry. Much latitude must therefore be allowed in the reception of evidence bearing upon the issue of an intent to deceive and defraud, and we are not disposed to deny the competency of the rejected evidence, so far as it bears upon this point, and is not intended to vary or modify the terms of the written instrument." In *S. v. Walton*, 114 N. C., 783, prior and subsequent transactions are held competent upon the question of intent. *S. v. Murphy*, 84 N. C., 742.

The defendant contended that the testimony showing that he confessed judgment upon said note and thereafter executed and delivered a bill of sale to the prosecuting witness and the other endorser of said note and turned over and delivered the property to them, was competent and admissible upon the question of his intent to defraud. In our opinion this contention is sound and the evidence should have been admitted. We do not interpret the evidence so rejected as a mere attempt to reimburse the prosecuting witness. So far as the record discloses the judgment was confessed and the property turned over to the prosecuting witness, and the judgment canceled long before there was any suggestion of a criminal offense.

Upon the whole record, we are of the opinion that the defendant is entitled to a new trial, and it is so ordered.

New trial.