STATE OF NORTH CAROLINA v. ELMER REED LITTLEJOHN

No. 7429SC320

(Filed 3 July 1974)

**Assault and Battery § 14— assault on officer — defendant as prepetrator — sufficiency of evidence**

    In a prosecution for assaulting an officer with a deadly weapon while the officer was in the performance of his public duties, the State's evidence was sufficient to permit a jury finding that defendant was the perpetrator of the crime where it tended to show that officers went to defendant's home to serve a warrant on defendant, defendant was observed "peeping" out the window, when officers entered the house defendant, whose voice the officers recognized, warned them he would use force against them if they continued, immediately thereafter a shotgun appeared from behind a curtain and was discharged, the party behind the curtain and the officers exchanged gunfire, and defendant was later treated for a gunshot wound.

ON *Certiorari* to review the trial of defendant before *Winner, Judge,* 5 March 1973 Session of Superior Court held in RUTHERFORD County. Heard in the Court of Appeals 9 April 1974.

This is a criminal action wherein the defendant, Elmer Reed Littlejohn, was charged in a bill of indictment, proper in form, with assaulting Forest Thompson, a law enforcement officer for the town of Spindale, N. C., with a deadly weapon, to wit: a 12 gauge shotgun, while Thompson was in the performance of his public duties.

Upon arraignment the defendant entered a plea of not guilty and a jury returned a verdict of guilty as charged. From a judgment that the defendant be confined in the North Carolina Department of Corrections for a period of not less than three (3) nor more than five (5) years (with a recommendation that defendant be placed on the Work Release Program), the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Charles J. Murray for the State.*

*Charles V. Bell for defendant appellant.*

HEDRICK, Judge.

Defendant, by this appeal, presents but one question for our consideration: Did the trial judge err in denying defendant's

motion for judgment as of nonsuit and in submitting the case
to the jury? Determination of this issue must be governed by
the well-established rule that in passing on a motion for judg-
ment as of nonsuit, the court must consider the evidence in the
light most favorable to the State, and in so doing, must consider
every reasonable inference arising from the evidence favorable
to the State. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156
(1971). The evidence offered by the State tends to establish the
following:

On 29 November 1972 Officer Forest Thompson, a police
officer of the town of Spindale, attempted to serve a warrant
on the defendant. The officer knocked on the door of defend-
ant's house and called for the defendant "to come on out"; how-
ever, the officer received no answer. After walking next door
and ascertaining from defendant's wife that the defendant was
inside his house, the officer returned to defendant's home and
at that time observed the defendant "peeping" out the window.
Thereafter, Officer Thompson, who had known the defendant
for many years, entered the house and in so doing was accom-
panied by three other officers. The events which next transpired
were disclosed in the following testimony of Officer Thompson:

"[J]ust as I entered his room . . . Elmer hollered
. . . 'who in the hell is it?' And I told him who I was,
'I'm Forest Thompson of the Spindale Police Department.
I said, come on out, I have got a warrant for you, or I'm
coming in after you.' He says, 'the first s.o.b. to stick his
head behind this curtain is through.' So I kept talking to
him, telling him to come on out. He told me to 'get the hell
out of his house' said, 'nobody invited you in here in the
first place.' I told him that I had business in there; that
I had a warrant for him. . . . * * * And then I heard a
commotion going on back there, still, I don't see him at
this time as I was talking to him. So then I heard foot
prints coming toward me. I stepped over to the side of
the curtain. The house was completely dark inside except
my flashlight. * * * [T]hen all of a sudden a barrel of a
gun come about that (indicating) far out.

* * * Elmer shot at me. * * * I hit the floor and
started shooting at him. I heard the shotgun fired three
times. I emptied my pistol at him."

After this exchange of gunfire, the officers fled defendant's
house and called for more assistance. One of the officers fired

State v. Littlejohn

a tear gas bomb into defendant's residence and after a brief interval the police rushed the house, only to find that the defendant had escaped. The officers did discover a trail of blood, and further evidence offered by the State tended to establish that defendant later received medical treatment at a hospital for a wound. The foregoing events occurred on a Wednesday and the defendant was apprehended the following Saturday.

Defendant, although conceding that the evidence introduced by the State was sufficient to give rise to a reasonable inference that the defendant was in the house, contends that this same evidence was not sufficient to give rise to a reasonable inference that the defendant was the one who did the shooting. Defendant submits that the evidence presented was, at most, sufficient only to raise a suspicion or conjecture in regard to the identity of the defendant as the perpetrator of the crime, and thus, his motion for nonsuit should have been allowed. Defendant cites *State v. Chavis*, 270 N.C. 306, 154 S.E. 2d 340 (1967) and *State v. Guffey*, 252 N.C. 60, 112 S.E. 2d 734 (1960) as support for this argument.

While we do not disagree with the principle that if the State's evidence is sufficient only to give rise to a conjecture or suspicion that defendant was the perpetrator of a crime, then a nonsuit must be granted, we are of the view that this states only half of the apposite rule. The other part of the rule states: If there is any evidence tending to prove the fact in question or which reasonably leads to its conclusion as a fairly logical and legitimate deduction, then the case should be submitted to the jury. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431 (1956) ; *State v. Simmons*, 240 N.C. 780, 83 S.E. 2d 904 (1954) ; *State v. Johnson*, 199 N.C. 429, 154 S.E. 730 (1930). In the instant case, the State's evidence shows that defendant was inside the house; that upon the officers entering the house, defendant warned the officers (two of whom recognized defendant's voice because of prior contact with him) that if they continued, he intended to use force against them; that immediately thereafter a shotgun appeared from behind a curtain and was discharged; that the party behind the curtain and the law officers exchanged gunfire; and that defendant was treated at a hospital for a gunshot wound. We are of the opinion that this evidence is sufficient to raise a reasonable inference that defendant was the perpetrator of the crime and that the trial court properly submitted this case to the jury, *State v. Stephens, supra*.

No error.

Judges BRITT and CARSON concur.