STATE OF NORTH CAROLINA v. B. J. ROGERS AND RICHARD C. POSTLE

No. 7623SC233

(Filed 4 August 1976)

1. Schools § 1— operating correspondence school without license and bond — insufficiency of evidence

The evidence was insufficient to be submitted to the jury on the issue of defendants' guilt of operating a correspondence school in this State without obtaining a license and executing a bond where it tended to show only that defendants contracted with a printing company in this State for the printing of materials relating to a training service in South Carolina, defendants represented that they were agents of a school located in Virginia and subsequently represented that the school had moved to South Carolina, and defendants' mail was forwarded from Virginia to Boone, North Carolina. G.S. 115-248; G.S. 115-253.

2. False Pretense § 3— false representation — promise as surplusage

Defendants' false representation of agency for a bona fide correspondence school which was calculated to deceive and did deceive and by which defendant obtained money from a prospective student constituted the crime of false pretense, and the additional allegation in the indictment of a promise of guaranteed employment upon successful completion of the correspondence courses was surplusage since the promise can be separated from the false representation.

3. Criminal Law § 80— contents of records in another state — hearsay

Testimony that another person had found that records in the Department of Education for the State of Virginia failed to show that a permit for a preparatory school had been issued for a correspondence school allegedly represented by defendant was hearsay and not admissible under the public records exception to the hearsay rule.

APPEAL by defendants from McConnell, Judge. Judgments entered 23 October 1975, Superior Court, ASHE County. Heard in the Court of Appeals 14 June 1976.

Defendant Rogers was charged in five separate indictments with feloniously obtaining property from five different individuals by false pretenses. In four of these cases, the alleged false pretenses were (1) that he represented a correspondence school and (2) that upon completion of the school's instruction and passage of a civil service examination, the Federal Government must provide the individual with a job. In the other case the alleged false pretenses were (1) that he represented the correspondence school and (2) that upon completion of the course the individual would receive a card which guaranteed a job upon presentation of the card to anyone for whom he wanted to work. By five warrants defendant Rogers was also charged with the misdemeanor of operating a correspondence school without obtaining a license or executing a bond. The dates in these warrants correspond with the dates in the indictments.

Defendant Postle by two separate indictments was charged with feloniously obtaining property by false pretenses in that he represented a correspondence school and that upon completion of the course and passage of a civil service examination, the Federal Government must provide the individual a job. By two corresponding warrants defendant Postle was also charged with the misdemeanors of operating a correspondence school without a license and a bond.

At trial the State presented seven witnesses (McNeill, Blevins, Poe, Clark, Denny, Elliott, and Howell) who each testified that he had recently been graduated from high school; that one of the two defendants came to his home and talked with him and his parents; that the defendant stated that he had gotten the witness's name from high school; that defendant stated that he represented Center Training Service of Danville, Virginia; that defendant played a tape concerning the civil service examination and related job opportunities; that defendant told him how Center Training Service would help him pass the civil service examination; that neither defendant nor the tape guaranteed that he would receive a job; and that he signed a contract with defendant and paid cash. Testimony varied slightly from witness to witness as to the specific representation of employment made by the defendant. On cross-examination, each witness conceded that he had received booklets and tests by mail and a letter informing him that the school had moved from Danville, Virginia, to Greenville, South Carolina. Later,

the State called the parents of two of these witnesses to give corroborating testimony. The State presented Officer Tester who testified that on 18 July 1975 he was on the lookout for Rogers' car; that he stopped and searched a car driven by Rogers; that Rogers told him where Postle was; that he sent an officer to get Postle; that both defendants were advised of their rights; and that both refused to answer questions. The State then presented three high school guidance counselors who denied having ever given the seven students' names to either defendant. The State presented a local postmaster who testified that neither of the defendants had ever asked her to set up a civil service examination and that passing a civil service examination does not assure one of a job. The State presented the local Clerk of Superior Court who testified that no one had filed a bond for Center Training Service Correspondence School in her office. Finally, the State recalled one of the seven high school graduates to testify that he had sent a letter cancelling his contract to Danville, Virginia; and that the letter was returned to him unopened marked "Forward" and "Care of General Delivery, Boone, N. C." Nonsuit was denied.

Defendant then presented the attorney who had represented them at their preliminary hearings. The attorney's testimony tended to show, among other things, that on 24 June 1975, defendants contracted with a printing company in Boone, North Carolina, for the printing of various booklets, test cards, contracts, letterheads, etc., and that the material had Center Training Service and a street address in Greenville, South Carolina, on it. Various examples of this printed material were introduced as exhibits. Defendants called a local jailer who testified that at defendants' request he had cashed money orders made payable to Center Training Service and endorsed by defendant Postle. Defendants called Sheriff Goss and questioned him as to the investigation which he had made before obtaining warrants against defendants. The Sheriff testified that he had contacted police in Danville and Greenville and had been informed that Center Training Service did not exist; that the street addresses given in Danville and Greenville were of answering services; that the answering service in Danville was receiving mail for Center Training Service and forwarding it to General Delivery in Boone; that there was no record of Center Training Service having been licensed in North Carolina; and that there were no records in either Virginia or South Carolina of a correspondence

school having been licensed by either Center Training Service, Rogers, or Postle. Finally, defendant Rogers took the stand. He testified that he and Postle created their correspondence school in June 1975; that they rented a place in Danville to receive their mail while they decided on a permanent location for their school; that they were advised by the North Carolina Department of Public Instruction that they did not need a license to solicit North Carolina students for an out-of-state school; that they had materials printed in Boone and began soliciting students; that they reviewed their contract in detail with each student; that the contract expressly provides that no job is promised; that they decided to set up a permanent office in Greenville, South Carolina, and made arrangements to receive mail there; and they did not obtain licenses in either Virginia or South Carolina because they did not enroll students from those states.

Both defendants and Rogers and Postle were convicted of all charges and appeal from judgments imposing imprisonment.

*Attorney General Edmisten by Assistant Attorney General Charles M. Hensey for the State.*

*Tharrington, Smith & Hargrove by Roger W. Smith for defendant appellants.*

CLARK, Judge.

[1] The misdemeanor charges against both defendants Rogers' and Postle are based on violations of G.S. 115-254, which provides as follows:

> "*Operating school without license or bond made misdemeanor.*—Any person or each member of any association of persons, or each officer of any corporation who opens and conducts a business school, a trade school or a correspondence school, or branch school as defined in this Article, without first having obtained the license herein required, and without first having executed the bond required, shall be guilty of a misdemeanor and be punishable by a fine of not less than one hundred dollars ($100.00), nor more than five hundred dollars ($500.00) or 30 days' imprisonment, or both, at the discretion of the court, and each day said school continues to be open and operated shall constitute a separate offense."

A correspondence school is defined by G.S. 115-245(2) as follows:

> "(2) 'Correspondence school' means an educational institution privately owned and operated by an owner, partnership or corporation conducted for the purpose of providing, by correspondence, for a consideration, profit, or tuition, systematic instruction in any field or teaches or instructs in any subject area through the medium of correspondence between the pupil and the school, usually through printed or typewritten matter sent by the school and written responses by the pupil."

Both defendants conceded that they had not obtained a license to operate a correspondence school as required by G.S. 115-248 in this State and had not executed a bond required by G.S. 115-253.

There is an apparent inconsistency between the misdemeanor and felony charges in that the misdemeanor warrants charge the operation of a correspondence school in this State without a license, and the felony indictments charge false pretense in that the defendants represented a bona fide correspondence school operating in the State of Virginia. The dates in the warrants correspond with the dates in the indictments. All of the evidence tends to show that defendants originally represented to high school graduates that they were agents of Center Training Service located in Danville, Virginia, and subsequently represented that the school had moved to Greenville, South Carolina.

The State offered no evidence that defendants opened and conducted a correspondence school in this State. The defendants offered evidence that they contracted with a printing company in Boone, North Carolina, for the printing of letterheads, booklets, test cards and other materials, all purporting to relate to Center Training Service in Greenville, South Carolina. But this evidence and evidence that the mail of defendants was forwarded from Danville, Virginia, considered in the light most favorable to the State, was not sufficient to carry the misdemeanor charges to the jury. If the State's evidence is sufficient only to give rise to a conjecture or suspicion that the crime charged was committed and that defendant perpetrated it, nonsuit must be granted. *State v. Littlejohn,* 22 N.C. App. 305, 206 S.E. 2d 373 (1974).

## THE FELONIES

In North Carolina the crime of false pretense is statutory (G.S. 14-100) and the statute specifically states the crime is a felony. *State v. Fowler*, 266 N.C. 528, 146 S.E. 2d 418 (1966). The elements of the crime are (1) false representation of a subsisting fact, whether in writing, by words, or by acts, (2) which is calculated to deceive and intended to deceive, (3) which does in fact deceive, and (4) by which one obtains something of value from another without compensation. *State v. Wallace*, 25 N.C. App. 360, 213 S.E. 2d 420 (1975).

[2] Each of the indictments alleges a false representation in that the defendant represented an existing bona fide correpondence school, and further alleges a promise that upon completion of the course of instruction offered by said school and the successful passage of a "Civil Service Examination" the Federal Government must provide a job, or that upon completion of the course of instruction the student would receive a card which would require any chosen employer to give the student a job.

In the charge against the defendant Rogers relating to defrauding Perry Brent Clark (75CR1603) and the charge against defendant Postle relating to defrauding Cathy Elliot (75CR1611), the evidence does not disclose any promise of guaranteed employment after successful completion of the correspondence course. However, the crime of false pretense does not require proof of a false representation and a promise. In these two cases substantial evidence was offered which tended to show the false representation of agency for a bona fide correspondence school; that it was calculated and intended to deceive and in fact did deceive, by which the defendant obtained money from the prospective student. Under these circumstances the allegation in the indictments of the promise of guaranteed employment upon successful completion of the correspondence courses was surplusage since the promise can be separated from the false representation.

A false representation of a subsisting fact may be accompanied by a promise and may be considered as together constituting the false pretense, or if the false representation and the promise can be separated and the evidence discloses that the victim relied on the false representation of fact, the promise may be disregarded and the accused may be convicted of the false representation of fact. *State v. Phillips*, 240 N.C. 516, 82

S.E. 2d 762 (1954) ; 35 C.J.S., False Pretenses, § 9 (1960). We find the evidence sufficient to submit to the jury all of the felony charges against both defendants.

[3]   It was incumbent upon the State to prove, as alleged in the indictments, the falsity of the representation that the defendants were agents of a *bona fide* correspondence school located in Danville, Virginia. Gene Goss, a deputy sheriff of Ashe County, testified as a witness for defendants. During the direct examination of this witness the trial judge intervened and asked the witness if he had checked with the authorities in Virginia and South Carolina; the witness replied that one Richard Waddell went to Richmond, Virginia, to the Supervisor of Preparatory Schools at the Department of Education for the State of Virginia, the custodian of the records, and after a careful inspection of the records of that office, there was no record of that school having ever been issued a permit to represent the State in a preparatory school.

This testimony about the contents of public records in other states was hearsay and was not admissible under the public records exception to the hearsay rule. See 1 Stansbury, N. C. Evidence 2d (Brandis Rev. 1973) § 153.

Having found reversible error in the admission of evidence for which we must order a new trial, we do not discuss other assignments of error which may not recur upon retrial.

The judgments in misdemeanor cases against the defendant Rogers (75CR1616, 75CR1618, 75CR1619, 75CR1620 and 75CR1622) and the judgments in the misdemeanor cases against the defendant Postle (75CR1623 and 75CR1628) are

Vacated and the cases dismissed.

For error, in the felony cases against the defendant Rogers (75CR1601, 75CR1602, 75CR1603, 75CR1605, and 75CR1606), and in the felony cases against the defendant Postle (75CR1611 and 75CR1614), we order

New trials.

Judges MORRIS and VAUGHN concur.