STATE OF NORTH CAROLINA v. KENT HADLOCK

No. 7729SC193

(Filed 5 October 1977)

**False Pretense § 2.2— insufficiency of indictment to charge offense**
     An indictment which purportedly charged defendant with a violation of G.S. 14-100 was insufficient to charge a crime where it did not allege that defendant obtained or attempted to obtain anything.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 14 October 1976 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 28 June 1977.

Defendant was tried on his plea of not guilty to the charge contained in the following bill of indictment:

STATE OF NORTH CAROLINA          IN The General Court
COUNTY OF TRANSYLVANIA           of Justice, Superior
                                 Court Division

The State of North Carolina
            vs.
Kent Hadlock
Defendant

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 3rd day of February, 1976, in Transylvania County Kent Hadlock (MLL) unlawfully and wilfully did feloniously, knowingly and designedly and with false pretense made with the intent to deceive and which did deceive Hubert G. Bryson by representing to said Hubert G. Bryson that a tract of land of 19.2 acres described in Deed Book 200 at page 97 was free and clear of all encumbrances when in truth and fact the property was covered by a Deed of Trust in Deed Book 89 at Page 369 and a Deed of Trust in Book 91 at Page 362. Based upon representation that the land was clear, Hubert G. Bryson conveyed property valued at $35,000.00 known as Mill Hill Grocery described in Book 198 Page 685.

s/M. L. LOWE
District Attorney

The jury found defendant guilty, and from judgment imposing a suspended sentence, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Elizabeth C. Bunting for the State.*

*Max O. Cogburn for defendant appellant.*

PARKER, Judge.

Defendant was found guilty of violating G.S. 14-100. The indictment charged that the offense occurred on or about 3 February 1976. Effective 1 October 1975 G.S. 14-100 was rewritten to provide that "[i]f any person shall knowingly and designedly by means of any kind of false pretense whatsoever, whether the false pretense is of a past or subsisting fact or of a future fulfillment or event, *obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value*

with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony . . . ." (Emphasis added.) An essential element of the offense proscribed by the statute is that the accused "obtain or attempt to obtain" something of value by means of any kind of false pretense. The indictment in the present case failed to allege that defendant obtained or attempted to obtain anything. The allegation that "[b]ased upon representation that the land was clear, Hubert G. Bryson conveyed property valued at $35,000.00 known as Mill Hill Grocery described in Book 198 Page 685" falls short of alleging that defendant obtained or attempted to obtain anything.

For failure of the indictment to charge an essential element of the offense, this Court on its own motion will arrest the judgment. *State v. Fowler*, 266 N.C. 528, 146 S.E. 2d 418 (1966); *State v. Lucas*, 244 N.C. 53, 92 S.E. 2d 401 (1956); *State v. Thorne*, 238 N.C. 392, 78 S.E. 2d 140 (1953); 4 Strong's N.C. Index 3rd, Criminal Law § 127.2. The legal effect of arrest of judgment is to vacate the verdict and judgment entered in the Superior Court in this case. *State v. Covington*, 267 N.C. 292, 148 S.E. 2d 138 (1966); *State v. Fowler, supra*.

Judgment arrested.

Judges MORRIS and CLARK concur.