State v. Moore

STATE OF NORTH CAROLINA v. WILLIAM ARTHUR MOORE

No. 7810SC308

(Filed 3 October 1978)

**False Pretense § 2.2— intent to defraud not alleged—indictment fatally defective**

An indictment which charged defendant with obtaining a suit from a store by false pretense was fatally defective where it failed to allege that defendant acted with the intent to defraud.

APPEAL by defendant from *Canaday, Judge*. Judgment entered 15 November 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 17 August 1978.

Defendant was charged in a bill of indictment with obtaining a men's suit from J. J. Morley, Inc., by false pretense. The defendant entered a plea of not guilty. The jury found the defendant guilty as charged. From a judgment imposing a prison sentence of 8-10 years, the defendant appealed.

*Attorney General Edmisten, by Associate Attorney George W. Lennon, for the State.*

*Shabica, Shyllon & Shyllon, by Mohamed M. Shyllon for the defendant appellant.*

HEDRICK, Judge.

The defendant contends that the bill of indictment is defective for failure to charge that the defendant acted with intent to defraud. The record reveals that none of the defendant's assignments of error are addressed to the sufficiency of the indictment. Furthermore, our examination of the record reveals that at no time did the defendant move to quash the indictment. Nevertheless, we treat his contention as a motion in arrest of judgment filed in this Court. *State v. Doughtie*, 238 N.C. 228, 77 S.E. 2d 642 (1953); *State v. Hadlock*, 34 N.C. App. 226, 237 S.E. 2d 748 (1977).

It has long been held in this State that an indictment must allege all essential elements of the crime charged. *State v. Squire*, 292 N.C. 494, 234 S.E. 2d 563 (1977). The defendant is charged with obtaining property by false pretense which is described in G.S. 14-100 as follows:

> If any person shall knowingly and designedly by means of any kind of false pretense whatsoever, whether the false pretense is of a past or subsisting fact or of a future fulfillment or event, obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony, and shall be imprisoned in the State's

prison not less than four months nor more than 10 years, and fined, in the discretion of the court: . . . Provided, further, that it shall be sufficient in any indictment for obtaining or attempting to obtain any such money, goods, property, services, chose in action, or other thing of value by false pretenses to allege that the party accused did the act *with intent to defraud*, without alleging an intent to defraud any particular person, and without alleging any ownership of the money, goods, property, services, chose in action or other thing of value; and upon the trial of any such indictment, it shall not be necessary to prove either an intent to defraud any particular person or that the person to whom the false pretense was made was the person defrauded, but it shall be sufficient to allege and prove that the party accused made the false pretense charged with an intent to defraud. (Emphasis added.)

The indictment upon which the defendant was charged fails to allege that the defendant acted with the intent to defraud. This omission of an essential element of G.S. 14-100 is fatal to the indictment. *State v. Phillips*, 228 N.C. 446, 45 S.E. 2d 535 (1947) (indictment defective for failure to allege intent to defraud in similar offense under G.S. 14-104). *See also State v. McAllister*, 287 N.C. 178, 214 S.E. 2d 75 (1975); *State v. Davenport*, 227 N.C. 475, 42 S.E. 2d 686 (1947); *State v. Rogers*, 30 N.C. App. 298, 226 S.E. 2d 829 (1976).

"The legal effect of arrest of judgment is to vacate the verdict and judgment entered in the Superior Court in this case." *State v. Hadlock, supra* at 228, 237 S.E. 2d at 749. If the district attorney is so advised, he may prosecute the defendant on a new bill of indictment.

Judgment arrested.

Judges MORRIS and WEBB concur.