State v. Cronin

No. 791SC49

(Filed 5 June 1979)

1. **False Pretense § 1— elements**
    The essential elements of the crime of obtaining property by false pretense are: (1) the knowing and designed use of any kind of false pretense of any fact whatsoever, (2) to obtain or attempt to obtain anything of value, (3) from any person whomsoever within this State, (4) with intent to cheat or defraud any person whomsoever of such thing of value. G.S. 14-100.

2. **False Pretense § 2.1— sufficiency of indictment**
    A bill of indictment was sufficient to charge defendant with obtaining property by false pretense where it alleged that defendant knowingly and designedly used a false pretense in dealing with the Bank of Currituck, a banking corporation, in Currituck County, that defendant knowingly and designedly used that false pretense to obtain $5,704.54 from the Bank of Currituck and that he did so "with intent then and there to defraud."

**3. False Pretense § 3.1— obtaining loan through false pretense—sufficiency of evidence**

In a prosecution for obtaining property by false pretense, evidence was sufficient to be submitted to the jury where it tended to show that defendant applied for and received a loan from a bank purportedly to buy a new mobile home with a retail value of $10,850; defendant did in fact buy a new mobile home with part of the proceeds of the loan, but the mobile home had been extensively damaged by fire and had a value of only $2,620; and such evidence would support a reasonable inference that defendant employed a false pretense with the intent to defraud the bank of the proceeds of the loan with full knowledge that, absent such false pretense, the bank would not part with those proceeds.

**4. False Pretense § 3.2— jury instructions—purpose of obtaining something of value**

In a prosecution for obtaining property by false pretense, defendant is entitled to a new trial where the court failed to instruct the jury that the false pretense must, among other things, be made for the purpose of obtaining or attempting to obtain anything of value, and such error was not cured when the court required that the false pretense must have been made "with intent to deceive," since a finding that defendant acted with the intent to deceive would not necessarily include a finding that he did so for the purpose of obtaining or attempting to obtain anything of value.

APPEAL by defendant from *Small, Judge*. Judgment entered 6 October 1978 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 24 April 1979.

The defendant was charged with the felony of obtaining property by false pretenses in violation of G.S. 14-100. Upon his plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of four years, the defendant appealed.

Additional facts pertinent to this appeal are hereinafter set forth.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Aldridge, Seawell & Khoury, by G. Irvin Aldridge and Daniel D. Khoury, for defendant appellant.*

MITCHELL, Judge.

The defendant has brought forward on appeal four assignments of error. Each of those assignments involves ques-

tions concerning the essential elements of the crime of obtaining property by false pretenses. G.S. 14-100. To evaluate those assignments in an orderly manner, we will, therefore, first examine and discuss the essential elements of that crime.

The crime of obtaining property by false pretenses has existed as a statutory crime in North Carolina since 1811. *See* 1811 N.C. Sess. Laws Ch. 814 § 2. Since that time, the elements of the crime have been set forth in many cases. *See, e.g., State v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686 (1947); *State v. Johnson,* 195 N.C. 506, 142 S.E. 775 (1928); *State v. Phifer,* 65 N.C. 321 (1871). Each of those cases indicated in some manner that it was necessary for the State to prove as an essential element of the crime that the victim was deceived by a false pretense and that something of value was obtained as a result of the deception created by such false pretense. Under the law in effect at the time such opinions were rendered, those were indeed essential elements of the crime. However, a recent revision of G.S. 14-100 by the General Assembly has rendered those elements no longer essential and has eliminated the necessity of proving their existence in order that a conviction for obtaining property by false pretenses may be sustained.

In 1975, G.S. 14-100 was substantially revised by the General Assembly. 1975 N.C. Sess. Laws Ch. 783. By its action, the General Assembly dictated that, effective 1 October 1975, G.S. 14-100 was to be applied as follows:

> If any person shall knowingly and designedly by means of any kind of false pretense whatsoever, whether the false pretense is of a past or subsisting fact or of a future fulfillment or event, obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony. . . .

Although the statute as revised is similar to the former statute, there are two important differences. First, the revised statute creates an offense when the false pretense "is of a past or subsisting fact or of a future fulfillment or event." Formerly, the statute had created an offense only when the false pretense was

of a past or subsisting fact. Now, the statute truly provides for "any kind of false pretense whatsoever" and makes criminal false pretenses relating to past, present or future facts.

The second important difference is that the former statute was violated only when the defendant obtained something of value as a result of his false pretense, whereas the revised statute provides that the crime of obtaining property by false pretenses has been committed when the defendant attempts to obtain something of value by virtue of a false pretense. Proof that the victim parted with something of value by virtue of his belief in the deception created by the false pretense is no longer required. This interpretation of the statute is technically in conflict with its title — "Obtaining property by false pretenses" — but the intent to the legislature as clearly expressed in the language of the statute must control over its title or caption. Appeal of Forsyth County, 285 N.C. 64, 203 S.E. 2d 51 (1974); *Blowing Rock v. Gregorie*, 243 N.C. 364, 90 S.E. 2d 898 (1956).

[1] In light of the 1975 amendment to G.S. 14-100, we find that the essential elements of the crime of obtaining property by false pretenses are as follows: (1) the knowing and designed use of any kind of false pretense of any fact whatsoever, (2) to obtain or attempt to obtain anything of value, (3) from any person whomsoever within this State, (4) with the intent to cheat or defraud any person whomsoever of such thing of value. We caution both Bench and Bar that those cases setting forth the essential elements of the crime of obtaining property by false pretenses as that crime existed prior to the amendment of 1 October 1975 no longer constitute reliable or binding interpretations of G.S. 14-100, as that statute has been significantly altered by the 1975 amendment.

Although our Supreme Court has recently set forth the elements of G.S. 14-100 in *State v. Louchheim*, 296 N.C. 314, 250 S.E. 2d 630 (1979), and *State v. Agnew*, 294 N.C. 382, 241 S.E. 2d 684, *cert. denied,* --- U.S. ---, 58 L.Ed. 2d 124, 99 S.Ct. 107 (1978), as has this Court in *State v. Rogers*, 30 N.C. App. 298, 226 S.E. 2d 829, *cert. denied,* 290 N.C. 781, 229 S.E. 2d 35 (1976), those cases dealt with situations involving criminal acts committed prior to 1 October 1975 and do not constitute binding precedent with regard

to the elements of the crime of obtaining property by false pretenses as that crime is now defined in G.S. 14-100 as revised in 1975.

We further note that our recent case of *State v. Hines*, 36 N.C. App. 33, 243 S.E. 2d 782 (1978), indicated that G.S. 14-100 does not require proof that a defendant attempted to or did obtain something of value "without compensation" in order that a violation might be shown. We did not undertake in *Hines*, however, to set forth the elements of the crime proscribed by G.S. 14-100 as revised in 1975.

[2] We turn now to the specific assignments of error brought forward on appeal by the defendant in the present case. The defendant first assigns as error the trial court's failure to dismiss the charges against him. In support of this assignment, the defendant contends that the bill of indictment does not assert facts supporting every essential element of the crime of obtaining property by false pretenses. The defendant could have challenged the sufficiency of the bill of indictment to charge an offense by making a motion to dismiss pursuant to G.S. 15A-954(a)(10). That motion might properly have been made at any time. G.S. 15A-952(d). However, the defendant did not make a motion to dismiss at any time for failure of the pleadings to charge an offense. Nonetheless, we have chosen to review the bill of indictment.

Every bill of indictment must contain:

A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient prevision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

G.S. 15A-924(a)(5). The bill of indictment in the present case charges that on or about 31 March 1978 the defendant knowingly and designedly used a false pretense in dealing with the Bank of Currituck, a banking corporation, in Currituck County, that the defendant knowingly and designedly used that false pretense to obtain $5,704.54 from the Bank of Currituck and that he did so "with intent then and there to defraud." Those allegations sup-

port every essential element of the crime of obtaining property by false pretense as it now exists and the bill of indictment is valid.

[3] The defendant next assigns as error the failure of the trial court to grant his motion for judgment as in the case of nonsuit. A motion for judgment as in the case of nonsuit should be denied if the State has presented substantial evidence that the crime charged has been committed and that the defendant is the person who committed that crime. *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979). We must, therefore, examine the evidence introduced to determine whether the State met its burden.

The State's evidence tended to show that the defendant went to see Sam T. Moore, Jr., the Executive Vice-President and Chief Executive Officer of the Bank of Currituck, at his office in Moyock, North Carolina. At that time, the defendant told Mr. Moore that he was interested in purchasing a new mobile home and wanted to know if the bank would loan him $7,500 to $8,000 toward the purchase of a $10,000 to $12,000 mobile home. Mr. Moore responded by telling the defendant that he felt the bank would not be able to lend the defendant that much money. The defendant then told Mr. Moore that he had $5,000 to use as a down payment if the bank would finance the balance. Mr. Moore then indicated that he would consider making the loan and gave the defendant a credit application to complete.

The defendant returned to Mr. Moore's office in Moyock on 31 March 1978 with the completed credit application. According to information contained in that application, the defendant wanted to use the proceeds of the proposed loan to purchase a "12x70 1977 Doral (3 Bed 2 bath) Beautiful House (Mobile Home)." The defendant told Mr. Moore that the suggested retail value of that mobile home was $10,850. After a brief discussion, Mr. Moore agreed to a loan to the defendant of $4,900 for the purchase of the mobile home, plus $500 to pay off an existing debt of the defendant with the bank. The defendant then signed a note for $5,704.54 which included a charge for credit life insurance. The note indicated that it was secured by a security interest in a "1978 Mansefield Mobile Home—Doral Model ID # H-3513." After the note had been signed, the defendant obtained a cashier's check for $4,900 from the bank.

State v. Cronin

Daniel W. Chandler, III, of Deltona Mobile Home company testified that the defendant had approached him during the middle of March of 1978 to discuss the purchase of a mobile home. The mobile home that the defendant was interested in buying was a new 1977 Marshfield Doral 12' x 70', 3 bedroom, 2 bath mobile home bearing the serial number H-3513. That mobile home had been extensively damaged by fire. The defendant told Chandler that he wanted to repair the mobile home for resale. At the conclusion of their discussion, the defendant agreed to purchase the mobile home for $2,620.

The defendant returned to Deltona Mobile Homes on 1 April 1978. The defendant used a cashier's check in the amount of $4,900 and drawn on the Bank of Currituck to purchase the mobile home for the agreed upon purchase price. Mr. Chandler then arranged to have the balance representing the difference between the amount of the cashier's check and the purchase price returned to the defendant.

We find that the evidence presented by the State was substantial and supported a reasonable inference that the defendant knowingly and designedly employed a false pretense to obtain the proceeds of a loan from a corporate person within this State. We further find that the evidence supported a reasonable inference that the defendant did so with the intent to defraud that corporate person of the proceeds of the loan with full knowledge that, absent such false pretense, the corporate person would not part with those proceeds. Therefore, the State introduced substantial evidence tending to show that the crime charged was committed by the defendant. The trial court correctly ruled that the State's evidence was sufficient to overcome the defendant's motion for judgment as in the case of nonsuit.

[4] The defendant next assigns as error the trial court's instructions to the jury. Throughout its instructions to the jury, the trial court defined the offense of obtaining property by false pretenses substantially in accord with the elements of that offense as they existed prior to the 1975 revision of G.S. 14-100. When viewed in the context of the instructions in their entirety and of the particular facts in this case, this failure to apply the statute as amended ordinarily would have constituted error favorable to the defendant. This is true because the former G.S. 14-100 contained more essential elements than the revised version of the statute.

However, in stating the elements of the crime as it now exists under the statute, the trial court at one point inadvertently failed to instruct the jury that the false pretense must, among other things, be made for the purpose of obtaining or attempting to obtain anything of value. *State v. Hadlock*, 34 N.C. App. 226, 237 S.E. 2d 748 (1977). The trial court's instructions were, therefore, conflicting upon a material point. There must be a new trial since the jury cannot be supposed to have been able to distinguish between the correct and the incorrect instructions. *State v. Carver*, 286 N.C. 179, 209 S.E. 2d 785 (1974).

The State would contend that the omission of the element requiring that the defendant's false pretense be for the purpose of obtaining or attempting to obtain anything of value was cured when the court required that the false pretense must have been made "with intent to deceive." We do not find this argument compelling. When a person acts with the intent to deceive, he acts with the intent to cause someone to believe something that is false. *See* Webster's Third New International Dictionary 584 (1971). When, however, a person acts with the intent to cheat or defraud, he acts with the additional intent "to deprive of something valuable by the use of deceit or fraud" or "to take or withhold from (one) some possession, right, or interest by calculated misstatement or perversion of truth, trickery, or other deception." *Id.* at 381 and 593. Therefore, a finding that the defendant acted with the intent to deceive would not necessarily include a finding that he did so for the purpose of obtaining or attempting to obtain anything of value.

We recognize that in certain cases decided prior to the 1975 revision of G.S. 14-100, the intent required to support a conviction was at times stated in terms of an intent to "deceive." *E.g., State v. Davenport*, 227 N.C. 475, 42 S.E. 2d 686 (1947). In other cases, however, it was required that the defendant's false representation be "made with intent to defraud." *E.g., State v. Carlson*, 171 N.C. 818, 824, 89 S.E. 30, 33 (1916); *State v. Whedbee*, 152 N.C. 770, 774, 67 S.E. 60, 62 (1910). It is sufficient for us to state that, in light of substantial revision of G.S. 14-100 effective 1 October 1975, trial courts would be well-advised to adhere strictly to the current elements of an offense under G.S. 14-100 as previously set forth in this opinion when instructing juries with regard to those elements or otherwise applying that statute.

The defendant has presented an additional assignment of error. We need not consider it, however, as it is not likely to recur at a subsequent trial.

For the reasons previously set forth, we order a

New trial.

Judges PARKER and MARTIN (Harry C.) concur.