STATE OF NORTH CAROLINA v. JAMES ARMSTEAD

No. COA01-146

(Filed 2 April 2002)

**False Pretense— obtaining property—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of obtaining property by false pretenses even though defendant contends the indictment charged that defendant did obtain and attempt to obtain property by means of a false pretense which was "calculated to deceive and did deceive," when in fact defendant did not succeed in his attempt at deception, because the additional language in the indictment that defendant "did deceive" is surplusage and is not fatal to the indictment.

Appeal by defendant from judgment entered 22 August 2000 by Judge J. Richard Parker in Beaufort County Superior Court. Heard in the Court of Appeals 5 December 2001.

*Michael F. Easley, Attorney General, by Assistant Attorney General Gaines M. Weaver, for the State.*

*Dennis M. Kilcoyne for defendant-appellant.*

THOMAS, Judge.

Defendant, James Armstead, was found guilty in a jury trial of obtaining property by false pretenses. On appeal, he contends the trial court should have allowed his motion to dismiss since the State failed to prove all that it alleged in the indictment. We disagree and find no error.

Larry Weston's (Weston) car was broken into and his wife's purse was stolen while they were dining at a restaurant in Greenville in February of 2000. Inside the purse were checks from their personal and business banking accounts. Thereafter, some of the checks were written and negotiated without the authorization of Weston or his wife.

Later that month, a police pursuit of defendant's vehicle began at a Food Lion store in Washington and ended at a second Food Lion store where defendant wrecked his vehicle. The pursuit began when

defendant attempted to cash a forged check at the first grocery store. Washington Police Department Detective William Bell (Bell) searched defendant's car and found torn deposit slips and checks which had been stolen from Weston during the February break-in.

Lisa Harris (Harris), a cashier, testified that while she was working at the first Food Lion earlier on the day of the car chase, defendant handed her a check with initials that Harris did not recognize. According to Harris, defendant stated, "This check has already been pre-approved." Harris said she was not actually deceived since her manager never pre-approved checks. Harris immediately called for assistance and Cindy Dobbins (Dobbins), an assistant manager, responded. After Dobbins took the check to the manager's office, she saw defendant leave through the front door. Dobbins followed him and wrote down his license plate number. Dobbins also testified that she was not deceived by defendant.

At the conclusion of the State's evidence, defendant made a motion to dismiss the charge of obtaining property by false pretenses based on the fact that defendant did not succeed in his attempt at deception. The motion was denied. A motion to dismiss was again made by defendant at the close of all evidence. As before, it was denied. Defendant was later found guilty and sentenced to fifteen to eighteen months in prison.

Defendant acknowledges the holding in *State v. Wilburn*, 57 N.C. App. 40, 290 S.E.2d 782 (1982), that actual deception of a victim is not a necessary element of the crime of obtaining property by false pretenses. However, he contends in his sole assignment of error that because the indictment charged that defendant did "obtain *and* attempt to obtain" property by means of a false pretense which was "calculated to deceive *and did deceive*," the State must establish: (1) that defendant actually obtained property in addition to attempting to obtain it; and (2) the property was obtained by actual deception. Defendant argues that the State proved neither, and his conviction constitutes error. We disagree.

The indictment in the present case reads:

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did knowingly and designedly intent [sic] to cheat and defraud *obtain and attempt to obtain* assorted merchandise and U.S.

Currency from Food Lion, Inc. by means of a false pretense which was calculated to deceive *and did deceive*. The false pretense consisted of the following: The defendant represented that he was Larry Brown for the purposes of cashing a check when in fact he was not Larry Brown.

(Emphasis added). N.C. Gen. Stat. § 15A-924(a)(5) requires that every bill of indictment must contain:

A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

N.C. Gen. Stat. § 15A-924(a)(5) (1999). N.C. Gen. Stat. § 14-100 provides:

If any person shall knowingly and designedly by means of any kind of false pretense . . . obtain[s] or attempt[s] to obtain from any person [or corporation or organization] . . . any . . . thing of value . . . such person shall be guilty of a felony . . . it shall not be necessary to prove either an intent to defraud any particular person or that the person to whom the false pretense was made was the person defrauded, but it shall be sufficient to allege and prove that the party accused made the false pretense charged with an intent to defraud.

N.C. Gen. Stat. § 14-100(a) & (c) (1999).

To be effective, an indictment charging a defendant with violating section 14-100 must allege that defendant "obtained or attempted to obtain" something, since it is an essential element of the offense. *State v. Hadlock*, 34 N.C. App. 226, 228, 237 S.E.2d 748, 749 (1977) (arresting judgment of trial court where indictment failed to allege this element). Here, the indictment stated that defendant did "obtain *and* attempt to obtain." In fact, our Supreme Court addressed this issue in *State v. Swaney*:

"Where a statute sets forth disjunctively several means or ways by which the offense may be committed, a warrant thereunder correctly charges them conjunctively." 4 Strong's N.C. Index 2d, Indictment and Warrant § 9, p. 353; *State v. Chestnutt*, 241 N.C. 401, 85 S.E.2d 297. The indictment should not charge a party disjunctively or alternatively, in such a manner as to leave it uncer-

tain what is relied on as the accusation against him. The proper way is to connect the various allegations in the indictment with the conjunctive term "and," and not with the word "or."

*Swaney*, 277 N.C. 602, 611-12, 178 S.E.2d 399, 405 (1970), *appeal dismissed and cert. denied*, 402 U.S. 1006, 29 L. Ed. 2d. 428 (1971), *overruled on other grounds by State v. Hurst*, 320 N.C. 589, 594, 359 S.E.2d 776, 779 (1987). The indictment here, therefore, correctly charged that defendant did "obtain and attempt to obtain" property by means of a false pretense. In addition, an indictment charging a completed offense is sufficient to support a conviction for an attempt to commit the crime charged. N.C. Gen. Stat. § 15-170 (1999).

An indictment charging an offense under section 14-100 must also allege that defendant acted with an intent to defraud. *See State v. Moore*, 38 N.C. App. 239, 241, 247 S.E.2d 670, 672, *disc. review denied*, 295 N.C. 736, 248 S.E.2d 866 (1978). Here, the indictment includes language that defendant pretended to be someone else in order to cash a check he was not authorized to cash. It alleges that he obtained and attempted to obtain the property "by means of a false pretense which was calculated to deceive *and did deceive.*" Thus, in addition to alleging that defendant acted with an intent to deceive, the indictment charges defendant with actually deceiving his victim. The language, "and did deceive," indicating actual deception of a victim, is surplusage and is not fatal to the indictment. *See State v. Westbrooks*, 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996) ("Thus, the allegation of the indictment that defendant acted in concert . . . is an allegation beyond the essential elements of the crime charged and is, therefore, surplusage."); *see also State v. Rogers*, 30 N.C. App. 298, 303, 226 S.E.2d 829, 832 (holding additional allegation of a false promise in an indictment charging violation of section 14-100 is surplusage since it could be separated from the false representation), *disc. review denied*, 290 N.C. 781, 229 S.E.2d 35 (1976).

The indictment asserts facts supporting the essential elements that defendant feloniously attempted to obtain property with an intent to defraud. Notice to defendant was complete and, accordingly, we find no error.

NO ERROR.

JUDGES WYNN and WALKER concur.