An unpublished opinion of the North Carolina Court of Appeals does not constitute
controlling legal authority. Citation is disfavored, but may be permitted in accordance with
the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedu re.

 IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-1233

 Filed: 21 June 2016

Catawba County, No. 14 CRS 5074

STATE OF NORTH CAROLINA

 v.

LAMAR RASHAD LINEBERGER, Defendant.

 Appeal by defendant from judgment entered 17 March 2015 by Judge

Nathaniel J. Poovey in Catawba County Superior Court. Heard in the Court of

Appeals 14 April 2016.

 Roy Cooper, Attorney General, by Ryan C. Zellar, Assistant Attorney General,
 for the State.

 Edward Eldred, Attorney at Law, PLLC, by Edward Eldred, for defendant-
 appellant.

 ZACHARY, Judge.

 Where the indictment against defendant provided him with adequate notice

and ability to defend himself, the listing of victims in the disjunctive did not render

the indictment facially invalid.

 I. Factual and Procedural Background
 STATE V. LINEBERGER

 Opinion of the Court

 In the early morning of 24 March 2014, at about 3:30 a.m., George Jones was

awakened by the barking of his dogs. He looked out of the window and saw the light

on in the family’s 2008 Chrysler Sebring. Jones took his gun and went outside. Inside

of the Sebring, Jones saw a person, whom he later identified as Lamar Rashad

Lineberger (defendant). Defendant attempted to leave, but Jones warned him about

the gun, and advised defendant not to move.

 Jones’ daughter, Rachel Jones, was awakened by a loud banging outside of her

window. She saw her parents, George and Elizabeth Jones, outside, and saw someone

down on the ground. After law enforcement arrived to apprehend defendant, they

found in his pocket a bottle of medication belonging to Rachel, which she noted had

been left inside of the Chrysler Sebring. Police also withdrew “lots of change” from

defendant’s person, totaling $8.93. When Elizabeth Jones examined one of the other

vehicles, a 2004 Ford Explorer, she found that the change she had left in the cup

holder was missing.

 On 3 November 2014, defendant was indicted by the Catawba County Grand

Jury on two counts of breaking or entering a motor vehicle, two counts of

misdemeanor larceny, and one count of possession of stolen goods, all stemming from

the 24 March 2014 offense. The indictments for breaking or entering a motor vehicle

alleged that the vehicles in question belonged to “George E. Jones or Elizabeth T.

Jones[.]” Defendant did not challenge the validity of the indictments at trial. A jury

 -2-
 STATE V. LINEBERGER

 Opinion of the Court

found defendant guilty of all charges. The trial court arrested judgment on the

conviction for possession of stolen goods, and sentenced defendant to 10-21 months’

imprisonment for each of the breaking or entering convictions, and 120 days’

imprisonment for each of the misdemeanor larceny convictions, to run consecutively.

 Defendant appeals.

 II. Standard of Review

 “An attack on an indictment is waived when its validity is not challenged in

the trial court.” State v. Wallace, 351 N.C. 481, 503, 528 S.E.2d 326, 341, cert. denied,

531 U.S. 1018, 148 L. Ed. 2d 498 (2000). “However, where an indictment is alleged

to be invalid on its face, thereby depriving the trial court of its jurisdiction, a

challenge to that indictment may be made at any time, even if it was not contested in

the trial court.” Id. “Whether a trial court has subject-matter jurisdiction is a

question of law, reviewed de novo on appeal.” State v. Herman, 221 N.C. App. 204,

209, 726 S.E.2d 863, 866 (2012).

 III. Analysis

 In his sole argument on appeal, defendant contends that the indictment

against him for breaking or entering a motor vehicle was facially invalid for stating

ownership in the disjunctive, and that the trial court therefore lacked jurisdiction

over the case. We disagree.

 -3-
 STATE V. LINEBERGER

 Opinion of the Court

 Although defendant did not challenge the indictment at trial, on appeal he

argues that it was facially invalid. Because a challenge to the validity of an

indictment is jurisdictional, it may be raised at any time, even for the first time on

appeal. State v. Wallace, 351 N.C. at 503, 528 S.E.2d at 341; see also State v. Ellis,

368 N.C. 342, 345, 776 S.E.2d 675, 678 (2015) (holding that “the facial validity of a

criminal pleading may be challenged for the first time on appeal”). The question

before this Court is whether the allegation in the indictment, that the vehicles

involved in the breaking or entering charge belonged to George or Elizabeth Jones,

was insufficient and rendered the indictment so defective as to rob the trial court of

jurisdiction.

 The crime of breaking or entering a motor vehicle belongs to a category of

crimes requiring the State to identify a victim in the indictment. See State v. Chillo,

208 N.C. App. 541, 543, 705 S.E.2d 394, 396 (2010) (holding that “[a]n indictment

that insufficiently alleges the identity of the victim is facially defective and cannot

support [a] conviction”).

 Defendant asserts that the use of the disjunctive in the indictment fails to

identify a specific victim, and thus causes the indictment to fail. In support of this

theory, which he notes is one of first impression, defendant offers several examples

of the disjunctive being discouraged in the courts.

 -4-
 STATE V. LINEBERGER

 Opinion of the Court

 Defendant cites, for example, our decision in State v. Armstead, 149 N.C. App.

652, 562 S.E.2d 450 (2002). In Armstead, the defendant was found guilty of obtaining

property by false pretenses, based upon an indictment charging “that defendant did

‘obtain and attempt to obtain’ property by means of a false pretense which was

‘calculated to deceive and did deceive[.]’” Id. at 653, 562 S.E.2d at 452 (emphasis in

original). Ordinarily, the offense of obtaining property by false pretenses does not

require proof of actual deception; however, the defendant contended that the use of

the conjunction “and” required the State to prove not only that he attempted to

deceive, but that he in fact did deceive. This Court disagreed, and held that:

 Where a statute sets forth disjunctively several means or
 ways by which the offense may be committed, a warrant
 thereunder correctly charges them conjunctively. The
 indictment should not charge a party disjunctively or
 alternatively, in such a manner as to leave it uncertain
 what is relied on as the accusation against him. The proper
 way is to connect the various allegations in the indictment
 with the conjunctive term “and,” and not with the word
 “or.”

Id. at 654-55, 562 S.E.2d at 452-53 (citations and quotations omitted).

 Defendant further cites a case from the United States Supreme Court, in which

that Court observed:

 It may be conceded that an indictment or a criminal
 information which charges the person accused, in the
 disjunctive, with being guilty of one or of another of several
 offences, would be destitute of the necessary certainty, and
 would be wholly insufficient. It would be so for two reasons.
 It would not give the accused definite notice of the offence

 -5-
 STATE V. LINEBERGER

 Opinion of the Court

 charged, and thus enable him to defend himself, and
 neither a conviction nor an acquittal could be pleaded in
 bar to a subsequent prosecution for one of the several
 offenses.

The Confiscation Cases, 87 U.S. 92, 104, 22 L. Ed. 320, 322 (1873).

 Relying upon this language, defendant in the instant case argues that this

demonstrates the disfavor that our Courts have for stating allegations in the

disjunctive. However, we note that this case is distinguishable from Armstead and

The Confiscation Cases. The issue of the use of a conjunction in those cases concerned

the allegation of two different offenses, which would leave the defendant uncertain as

to how to mount an effective defense. The instant case, however, deals with two

different victims, and the essential details of the offense remain the same.

 With respect to the purpose and technicality of indictments, this Court has

stated that:

 The purpose of the indictment is “to identify clearly the
 crime being charged, thereby putting the accused on
 reasonable notice to defend against it and prepare for trial,
 and to protect the accused from being jeopardized by the
 State more than once for the same crime.” State v.
 Sturdivant, 304 N.C. 293, 311, 283 S.E.2d 719, 731 (1981).
 “Our courts have recognized that while an indictment
 should give a defendant sufficient notice of the charges
 against him, it should not be subjected to hyper technical
 scrutiny with respect to form.” In re S.R.S., 180 N.C. App.
 151, 153, 636 S.E.2d 277, 280 (2006).

State v. Bryant, ___ N.C. App. ___, ___,779 S.E.2d 508, 512 (2015). Given that the

indictment alleged that the offenses at issue involved the breaking or entering of two

 -6-
 STATE V. LINEBERGER

 Opinion of the Court

vehicles, and stated with specificity the make, model, and year of each vehicle, as well

as the date of the offenses, we do not believe that the use of the disjunctive with

respect to the owners of the vehicles in any way hindered defendant’s ability to defend

against the charges, or put him at risk of being jeopardized by the State more than

once for the same crime.

 Defendant advocates a needlessly hyper-technical reading of indictments.

While we reaffirm the stance of past Courts that allegations of offenses in an

indictment should not be stated in the disjunctive, as to do so would render a

defendant unable to mount an effective defense, we note that the use of the

disjunctive with respect to the alleged victims in this particular crime would have no

impact on defendant’s ability to defend his case.

 Defendant also cites our Supreme Court’s decision in State v. Ellis, 368 N.C.

342, 776 S.E.2d 675 (2015). In Ellis, the indictment alleged that the defendant

possessed stolen property belonging to “North Carolina State University (NCSU) and

NCSU High Voltage Distribution.” Id. at 343, 776 S.E.2d at 677. This Court vacated

the conviction on the ground that the indictment did not allege that “NCSU High

Voltage Distribution” was a legal entity capable of owning property, holding that

“when an indictment alleges that the property at issue has multiple owners, the

indictment must also show that each owner is capable of owning property.” State v.

Ellis, ___ N.C. App. ___, ___, 763 S.E.2d 574, 574 (2014), rev’d, 368 N.C. 342, 776

 -7-
 STATE V. LINEBERGER

 Opinion of the Court

S.E.2d 675 (2015). On appeal, the Supreme Court reversed, holding that “a criminal

pleading purporting to charge the commission of a property-related crime like injury

to personal property is not facially invalid as long as that criminal pleading

adequately alleges the existence of at least one victim that was capable of owning

property, even if the same criminal pleading lists additional victims who were not

alleged to have been capable of owning property as well.” Ellis, 368 N.C. at 346, 776

S.E.2d at 678-79.

 The Supreme Court’s decision in Ellis states explicitly that, provided that one

of the alleged victims is capable of owning property, the indictment is not facially

invalid if another is not. This is the logical definition of a disjunctive; as long as one

of the listed options is valid, the set as a whole is valid. From that reasoning, we can

infer that the listing of victims in the disjunctive, unlike the listing of charges in the

disjunctive, does not render an indictment invalid on its face. We hold that the

indictments in this case, alleging ownership in the disjunctive, were not facially

invalid, and did not rob the trial court of jurisdiction.

 This argument is without merit.

 NO ERROR.

 Chief Judge McGEE and Judge DILLON concur.

 -8-