STANLEY WINBORNE, UTILITIES COMMISSIONER, v. J. D. MACKEY
AND S. W. MACKEY.

(Filed 23 May, 1934.)

**Bus Companies C a—Factors determining whether operator of motor vehicle for hire must obtain franchise.**

A person transporting persons or property by motor vehicle for hire between cities and towns as a business, accepting all persons for transportation who properly present themselves, must obtain the franchise required by N. C. Code, 2613 (k) (1), unless he comes within the exceptions specifically pointed out in the statute, regardless whether or not any other person or corporation holds a valid franchise covering that section of highway, while persons operating motor vehicles for hire without regard to fixed *termini* are required to obtain only the "for hire" license prescribed by N. C. Code, 7880 (96). In this case it appeared that one of the defendant's *termini* was an incorporated city or town, and the case is remanded for a specific finding as to whether the other terminus is a town, the defendant not being required to obtain a franchise unless both *termini* are cities or towns.

CIVIL ACTION, before *Alley, J.,* at September Term, 1933, of HAYWOOD.

This action was brought to restrain the defendants from operating motor vehicles over and along North Carolina State Highway No. 10 to Enka and return, for the purpose of transporting passengers and property for compensation without procuring a franchise certificate as provided by section 2613(1), Michie's Code of 1931. At the hearing various affidavits were offered tending to show that the defendants operate three or more passenger cars or busses and transport passengers from day to day from Canton, Clyde, and intervening points to Enka and return. No facts were found by the judge, but in cases of the present type the Supreme Court can find the facts. *Hill v. Skinner,* 169 N. C., 405, 86 S. E., 351; *Sanders v. Ins. Co.,* 183 N. C., 66, 110 S. E., 597. The affidavits tend to show that the defendants are engaged in the business of operating busses or motor vehicles for compensation between fixed *termini*. While no definite schedule is disclosed, nevertheless, the affidavits tend to show continuous business on various days within approximate periods of time.

The defendants admit that they have carried persons from Canton to the plant of the American Enka Corporation in Buncombe County, but that the persons so carried are employees of the Enka Corporation. They further admit that they have not procured a franchise, but that they have paid "for hire" license prescribed by C. S., 7880(96).

After hearing the evidence, judgment was entered as follows:

"The court is of opinion and finds that there is no valid outstanding franchise for the transportation of passengers by motor vehicles for compensation over Highway No. 10 between Asheville and Clyde, North Carolina, and, therefore, said highway is open to persons carrying on the business of transporting persons for compensation by motor vehicle under the provisions of the Revenue Act levying license taxes therefor. That the business conducted and the services rendered by respondents do not fall within the terms of the statute (sections 2 and 3, chapter 136, Public Laws of 1927; sections 2613(k) and 2613(l), Michie's Code, 1931), requiring certain persons engaged in the transportation of persons and property for compensation over public highways by motor vehicle to apply for and obtain permission so to do from the Corporation Commission of North Carolina. That the business carried on by the respondents is excepted from the above mentioned statutes and is governed by the terms of section 165, chapter 427, Public Laws of 1931; section 7880(96) Michie's Code, 1931. That respondents have paid to the Revenue Department of the State of North Carolina the license taxes required of them under the last mentioned statutes for the calendar year 1933, and have received from the Commissioner of Revenue "for hire" license tags for the privilege of engaging in the business carried on by them. It is therefore . . . ordered, adjudged and decreed that the rule to show cause be vacated and discharged."

From the foregoing judgment the complainant appealed.

*Attorney-General Brummitt, Assistant Attorney-General Bruton and N. A. Townsend for complainant.*
*Cansler & Cansler of counsel for complainant.*
*Bourne, Parker, Bernard & DuBose for appellees.*

BROGDEN, J. Does section 2613(k), Michie's Code of 1931, or section 7880(96), apply to the business carried on by the respondents?

Section 2613(k) provides in substance that "no . . . person . . . shall operate over the public highways in this State any motor vehicle . . . for the transportation of persons or property between cities, or between towns, or between cities and towns for compensation, except in accordance with the provisions of this act," etc. Section 2613(l) of Michie's Code provides that every . . . person . . . before operating any motor vehicle upon the public highway of this State for the transportation of persons or property for compensation . . . shall apply to the Commission and obtain a franchise certificate authorizing such operation," etc. Section 7880(96) provides in substance that "every person . . . engaged in the business of keeping

passenger automobiles or other passenger motor vehicles for hire and for transportation of persons for compensation, shall first apply for and obtain from the Commissioner of Revenue a "for hire" license for the privilege of engaging in such business," etc.

Consequently it is manifest that if a person transports by motor vehicle persons or property for compensation "between cities, or between towns or between cities and towns," he must procure a franchise certificate. But if such person operates a motor vehicle for hire without regard to fixed *termini*, then such person is not required to procure a franchise certificate. Of course, there are certain exceptions specified in section 2613(k), such as "casual trip," carrying "dairy products" or school students; or "motor vehicles used exclusively in carrying United States mail," etc.

The defendants, upon the facts set out in the record, are not in a position to claim the benefit of any of the exceptions, because such facts tend to show that they are engaged in carrying passengers for compensation indiscriminately and in the pursuit of a business enterprise. If the defendants are operating busses between cities and towns for compensation and carry such passengers as may present themselves for passage, then they must procure the certificate. If they do not so carry passengers between fixed *termini*, then the "for hire" license authorizes such type of business. The ultimate inquiry, therefore, is whether the defendants transport passengers as aforesaid between cities and towns. There is ample evidence that they do transport passengers between Canton, Clyde, and Enka, but there is no evidence that Enka is a town or city. If Enka is a town or a city, the evidence in the record would require the procuring of a franchise certificate. If "Enka" is not a town or a city, then the defendants are operators for hire and no franchise certificate is necessary.

This Court cannot find whether "Enka" is a town or a city. The defendants assert that it is not incorporated and no act of incorporation has been called to our attention. Hence the Court cannot take judicial notice of whether it is a town or a city. Consequently, the cause is remanded to the Superior Court of Haywood County for specific finding of fact as to whether Enka is a town or a city.

Whether or not any other person or corporation holds a valid franchise over Highway No. 10 between Asheville and Clyde is not deemed material to this controversy.

Remanded.