## STATE v. JIM A. THORNTON.

(Filed 14 January, 1960.)

**1. Criminal Law §§ 121, 140—**

Defendant may file in Supreme Court on appeal a written motion in arrest of judgment for insufficiency of the indictment. Rule 21, Rules of Practice in the Supreme Court.

**2. Criminal Law § 13—**

It is an essential of jurisdiction that a criminal offense shall be sufficiently charged in the warrant or indictment.

**3. Indictment and Warrant § 9—**

A bill of particulars cannot supply any matter which the indictment must contain in order to charge a criminal offense.

**4. Embezzlement § 1—**

The offense of embezzlement is entirely statutory.

**5. Embezzlement § 4—**

An indictment for embezzlement must aver the name of the owner or owners of the property embezzled or, if the owner is a corporation, the name of the corporation should be given, and the fact that it is a corporation stated unless the name itself imports a corporation.

**6. Same—**

An indictment for embezzlement of the property of "The Chuck Wagon" is fatally defective in the absence of allegation that the owner of the property was a corporation, since such name does not import a corporation. G.S. 55-12.

**7. Criminal Law § 121—**

The legal effect of arresting the judgment on a fatally defective indictment is to vacate the plea and the judgment, but the State may thereafter proceed upon a sufficient indictment if it so elects.

APPEAL by defendant from *McKinnon, J.,* February 1959 Term, of ORANGE.

The defendant was tried upon the following bill of indictment:

"The jurors for the State upon their oath present, That Jim A. Thornton late of the County of Orange, on the 20th & 31st day of December A. D. 1958, in the county aforesaid, was the agent, consignee, clerk, employee and servant of one The Chuck Wagon, and as such agent, consignee, clerk, employee and servant as aforesaid, was then and there entrusted by the said The Chuck Wagon to receive money for the said Chuck Wagon. And that being so employed and entrusted as aforesaid, the said Jim A. Thornton then and there did receive and take into his possession and have under his care, for and on account of the said The Chuck Wagon, certain property, to wit: Six and no/100 ($6.00) Dollars. And that afterwards, to wit, on the day and year aforesaid, in the county aforesaid, he, the said Jim A. Thornton (then and there being of the age of sixteen years and more) knowingly, wilfully, fraudulently, corruptly, unlawfully and feloniously did embezzle and convert to his own use, and did take, make away with and secrete with intent to embezzle and fraudulently convert to his own use, the said Six and no/100 ($6.00) Dollars so received by him as aforesaid and then and there belonging to the said The Chuck Wagon against the form of the statute in such cases made and provided and against the peace and dignity of the State."

Plea: Guilty.

From a judgment of imprisonment, defendant appeals.

*Malcolm B. Seawell, Attorney General, and T. W. Bruton, Assistant Attorney General for the State.*
*McRae, Cobb & Berry for defendant, appellant.*

PARKER, J. Defendant, as he had a right to do, filed in this Court a written motion in arrest of the judgment of the Superior Court, upon the ground of insufficiency of the indictment. Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 544, 558; *S. v. Lucas,* 244 N.C. 53, 92 S.E. 2d 401.

It is an essential of juridiction that a criminal offense shall be sufficiently charged in a warrant or an indictment. *S. v. Wallace and Holder ante,* 378, 111 S.E. 2d 714; *S. v. Strickland,* 243 N.C. 100 89 S.E. 2d 781; *S. v. Thorne,* 238 N.C. 392, 78 S.E. 2d 140; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166.

This Court said in *S. v. Cox,* 244 N.C. 57, 92 S.E. 2d 413:A "defect in a warrant or bill of indictment is not cured by the statute which enables the defendant to call for a bill of particulars, G.S. 15-143. This section applies only when further information not required to be set out in the indictment is desired. The 'particulars' authorized are not a part of the indictment. Request for bill of particulars is addressed to the discretion of the court. Such a bill therefore does not supply any matter which the indictment must contain."

Embezzlement was not an offense at common law. *S. v. Maslin,* 195 N.C. 537, 143 S.E. 3; *S. v. McDonald,* 133 N.C. 680, 45 S.E. 582; *S. v. Hill,* 91 N.C. 561. The offense of embezzlement is entirely statutory. *S. v. Blair,* 227 N.C. 70, 40 S.E. 2d 460; *S. v. Whitehurst,* 212 N.C. 300, 193 S.E. 657; *S. v. Maslin, supra; S. v. McDonald, supra.*

The indictment was drawn under the provisions of G.S. 14-90. This statute makes it a felony for the class of persons specified in, and amenable to, that statute to embezzle money, goods, etc., "belonging to any other person or corporation, which shall have come into his possession or under his care." See *S. v. Blair, supra; S. v. Whitehurst, supra.*

It seems certain that "The Chuck Wagon" is not a natural person.

This is said in 29 C. J. S., Embezzlement, Section 31b (1), In General: "It has been held that, where the owner of the embezzled property is an association, partnership, corporation, or other firm or organization, there must be allegations showing such organization to be a legal entity capable of owning property as such or the individuals comprising the same and owning the property should be set out as owners." Section 31b (2), Corporations, states: "In a prosecution for embezzlement from a corporation, the indictment or in-

formation should allege its incorporation and give its corporate name as fixed by law. . . ."

An exhaustive annotation in 88 A. L. R. 485, *et seq.* thoroughly discusses, and cites many cases, on the question now under consideration. One line of authorities holds to the proposition that, in a prosecution for larceny or embezzlement, it is necessary to allege in the indictment that the owner of the property, if not a natural person, is a corporation or otherwise a legal entity capable of owning property. Another line of authorities is cited, where in some jurisdictions the foregoing rule has been relaxed, and which holds that where the name of the company alleged in the indictment imports an association or a corporation capable of owning property as a legal entity, it is not necessary to allege specifically that it is a corporation. See 18 Am. Jur., Section 45.

In *S. v. Grant*, 104 N.C. 908, 10 S.E. 554, the indictment charged the larceny of a barrel of kerosene oil, the property of "The Richmond and Danville Railroad Company." This Court said: "We are also of the opinion that the fact of incorporation need not be alleged where the corporate name is correctly set out in the indictment." The allegation in the indictment clearly imports that the owner of the property charged to have been stolen is a corporate entity capable of owning property, and was held sufficient.

In *Gibson v. State*, 13 Ga. App. 67, 78 S.E. 829, the Court held: "The words 'Morning Star Colored Baptist Church' import a religious association, and such a right to the possession of property suitable for church purposes as will authorize the ownership of any property used by it which may have been stolen to be laid in such a congregation of persons." See also *Mattox v. State*, 115 Ga. 212, 41 S.E. 709.

*Davis v. State*, 196 Ind. 213, 147 N.E. 766, was a prosecution for embezzlement, and the ownership of the money allegedly embezzled was charged in the indictment as being in Newton County Farm Bureau. The Court said: "In this State, an unincorporated lodge or society is an 'association' within the statute, so as to make its treasurer liable for the embezzlement of its funds in his hands. . . . The name 'Newton County Farm Bureau' imports a corporation or an association. It could be either. And it is not necessary that there be a statement in the indictment as to which it is."

In *Nickles v. State*, 86 Ga. App. 290, 71 S.E. 2d 578 (1952), the Court accurately and tersely stated what we consider the better rule, as follows: "Larceny after trust is a species of larceny and in prosecutions for the former offense, as in those for the latter, it is neces-

sary to allege ownership of the property in a person, corporation, or other legal entity capable of owning property, in order to enable the accused to know exactly what charge he will be called upon at the trial to meet, and to enable him, if such should be the case, to plead a former acquittal or conviction. . . . If the property alleged to have been stolen is that of an individual, the name of the individual, if known, should be stated; if it is the property of a partnership, or other *quasi* artificial person, the names of the persons composing the partnership, or *quasi* artificial person, should be given; if it is the property of a corporation, the name of the corporation should be given, and the fact that it is a corporation stated, unless the name itself imports a corporation." Our case of *S. v. Grant, supra,* is in accord with this view.

G.S., Ch. 55, Business Corporations Act, Art. 3, Formation, Name and Registered Office, Section 55-12, Corporate Name, (a) reads: "The corporate name shall contain the wording 'corporation,' 'incorporated,' 'limited' or 'company' or an abbreviation of one of such words." The former Chapter 55 of G.S., entitled "Corporations," in Section 55-2, subsection 1, provided "The name adopted must end with the word 'company,' 'corporation,' 'incorporated' or the abbreviation 'inc.' . . . ."

In the indictment *sub judice,* there is no allegation that "The Chuck Wagon" is a corporation, and the words "The Chuck Wagon" do not import a corporation.

The bill of indictment on its face is fatally defective. The motion in arrest of judgment is allowed, and it is ordered that the judgment be arrested.

The legal effect of arresting the judgment is to vacate the plea of guilty and the judgment of imprisonment below, and the State, if it so desires, may proceed against the defendant upon a sufficient indictment. *S. v. Wallace and Holder, supra,* and cases there cited.

The case on appeal before us contains only the organization of the court, the indictment, the plea, the judgment, appeal entries, and assignments of error.

Judgment arrested.