STATE v. BILL BILLER, VERNON JACKSON LLOYD AND LARRY BROOKS HOLT.

(Filed 10 June, 1960.)

1. Larceny § 4—

A warrant for larceny which fails to allege the ownership of the property either in a natural person or a legal entity capable of owning property, is fatally defective.

2. Criminal Law § 121

The legal effect of arrest of judgment for fatal defect of the warrant is to vacate the verdict and judgment, but it does not preclude the State from thereafter proceeding upon a sufficient warrant or indictment if it so desires.

APPEAL by defendants from *Carr, J.,* at December Term, 1959 of ORANGE.

Criminal prosecution upon two warrants issued out of Recorder's Court, Chapel Hill, Orange County, North Carolina, one charging that on 23rd day of November, 1959, Bill Biller "did unlawfully and wilfully enter the premises of U-Wash-It, in Chapel Hill, and did break from its fastenings, steal, take, and remove one change-making machine and monies contained therein, with intent to deprive the owners of the said machine and monies and to appropriate same to his own use, knowing them to be stolen in violation of the ordinances of the City of Chapel Hill, and contrary to the form of the statute and against the peace and dignity of the State"; and the other, charging Larry Brooks Holt and Vernon Jackson Lloyd with aiding and abetting Bill Biller in the commission of the offense substantially as described in the first warrant, etc. The record reveals plea of

not guilty by defendants; motion to quash warrants; trial in Superior Court; and verdict of guilty of larceny as charged as to each defendant, and judgment pronounced and their appeal to Supreme Court — and assignment of error.

*Attorney General Bruton, Assistant Attorney General Glenn L. Hooper, Jr., for the State.*
*Dalton H. Loftin for defendants appellants.*

PER CURIAM: Defendants move in Supreme Court in arrest of judgment on the ground that the warrants under which they were tried, convicted and sentenced, are fatally defective in that they did not sufficiently allege that the owner of the property allegedly stolen was either a natural person or a legal entity capable of owning property, citing as authority therefor the case of *S. v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901.

The Attorney General in response thereto states that before pleading to the warrants the defendants moved to quash the same, and their motion was denied, and they except; and that he is unable to distinguish the instant case from the Thornton case wherein judgment was arrested.

The legal effect of arresting the judgment is to vacate verdict of guilty of larceny as charged and judgment of imprisonment imposed below, and the State, if it so desire, may proceed against defendants upon a sufficient indictment. *S. v. Thornton, supra,* and cases cited. See also *S. v. Rorie, ante.*

Judgment arrested.