STATE OF NORTH CAROLINA v. HERMAN EUGENE TURNER

No. 7029SC67

(Filed 6 May 1970)

**1. Criminal Law § 31—    judicial notice — municipal corporation**
  The Court of Appeals takes judicial notice of the fact that the City of Hendersonville is a municipal corporation by virtue of Ch. 352, 1913 Private Laws of North Carolina.

**2. Larceny § 4;    Indictment and Warrant § 11—    sufficiency of indictment — ownership of stolen property — municipal corporation**
  Indictment charging defendant with larceny of a truck which was the property of "one City of Hendersonville, North Carolina" sufficiently alleges that the owner of the stolen property is a legal entity capable of owning property, the words "City of Hendersonville" denoting a municipal corporate entity, and municipal corporations being authorized by G.S. 160-2(4) to purchase and hold personal property.

APPEAL by defendant from *Beal, S.J.,* 15 September 1969 Special Criminal Session of HENDERSON County Superior Court.

Defendant was charged in a bill of indictment with the larceny of a described Ford truck of the value of $2,000. The indictment alleged that the truck was the property of "one City of Hendersonville, North Carolina." When the case was called for trial the defendant tendered a plea of guilty to the lesser included offense of larceny of property of less than $200 in value. The plea was accepted after the trial court ascertained, upon ample evidence, that it was freely, understandingly and voluntarily entered.

From judgment imposing an active prison sentence defendant appealed.

*Robert Morgan, Attorney General, by Edward L. Eatman, Jr., Staff Attorney, for the State.*

*Prince, Youngblood, Massagee & Groce by Edwin R. Groce for defendant appellant.*

GRAHAM, J.

**[2]**    Defendant contends that the indictment is fatally defective in that it fails to allege that the owner of the property allegedly stolen is either a natural person or a legal entity capable of owning property. This contention is without merit. Chapter 352 of the 1913 Private Laws of North Carolina provides in Section 1, at page 1044, as follows:

> "That the name of the town of Hendersonville, in Henderson County, be changed to The City of Hendersonville, which shall be a municipal corporation, . . ."

In Section 2, beginning on page 1044, it is provided:

> "The city of Hendersonville shall have all of the rights, privileges, powers, 'immunities, · and liabilities 'which are conferred upon or are incident to incorporated cities and towns by virtue of the law of the land, . . ."

In Section 52, at page 1056, it is further provided:

> "This act [establishing Hendersonville a municipal corporation] shall be deemed a *public act,* and judicial notice shall be taken thereof by the courts without the same being pleaded or read in evidence." (Emphasis added).

**[1]**    It is well established that judicial notice will be taken of public laws of this State, Stansbury, N.C. Evidence 2d, § 12. We there-

fore take judicial notice of the fact that the City of Hendersonville is a municipal corporation. *Cf. Winborne, Utilities Comr., v. Mackey,* 206 N.C. 554, 174 S.E. 577.

[2]　This case differs substantially from *State v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901, and *State v. Thompson,* 6 N.C. App. 64, 169 S.E. 2d 241, which are relied upon by defendant. Neither the indictment in *Thornton* nor the warrant in *Thompson* contained any words importing that the owner of the property involved was a corporation. Here, the words "City of Hendersonville" denote a municipal corporate entity. Municipal corporations are expressly authorized to purchase and hold personal property. G.S. 160-2(4).

Since, in our opinion, the indictment in question was valid in all respects it is unnecessary that we consider the State's contention that even if the bill of indictment was improper, jurisdiction was nevertheless acquired over the defendant when he tendered a plea of guilty to a lesser included offense.

No error.

BROCK and BRITT, JJ., concur.