STATE OF NORTH CAROLINA v. LARRY DEAN STRANGE

No. 829SC3

(Filed 7 September 1982)

**Larceny § 4.2— indictment—ownership of stolen property**
>    An indictment charging the larceny of a barbecue cooker "the personal property of Granville County Law Enforcement Association" is fatally defective in failing to allege the ownership of the cooker in a legal entity capable of owning property.

APPEAL by defendant from *Hobgood, Judge.* Judgments entered 28 August 1981 in Superior Court, GRANVILLE County. Heard in the Court of Appeals on 31 August 1982.

Defendant was charged in separate bills of indictment with the larceny of a barbecue cooker "the personal property of Gran-

ville County Law Enforcement Association having a value of excess of $400.00 dollars," (Case No. 81CRS2483), a felony, and with breaking or entering a building "occupied by Kenneth Riley used as [a] garage located at Main St., Stem, N. C.," (Case No. 81CRS2536), and with felonious larceny after breaking or entering of an air compressor "the personal property of Kenneth Riley having a value of $150.00 dollars," (Case No. 81CRS2536).

The defendant was found guilty of misdemeanor larceny of the barbecue cooker and with felonious breaking or entering and felonious larceny of the air compressor.

In Case No. 81CRS2483, misdemeanor larceny, the defendant was ordered imprisoned for two years, and in Case No. 81CRS2536, breaking or entering and felonious larceny, the defendant was ordered imprisoned for five years, the sentences to run concurrently. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Dimmock, Reagan & Dodd, by Mike Dodd, for the defendant appellant.*

HEDRICK, Judge.

Defendant has failed to note any exceptions in either the record or the transcript. In his brief defendant does not refer to either assignments of error or exceptions. Thus, defendant presents no question for review. Nevertheless, we have carefully reviewed the contentions made by the defendant in his brief and we have also carefully reviewed the record in light of defendant's arguments and find that the defendant had a fair trial free from prejudicial error in the case wherein he was charged with felonious breaking or entering and felonious larceny of an air compressor, Case No. 81CRS2536.

This Court, however, *ex mero motu*, arrests judgment in the case where the defendant was charged and found guilty of the larceny of a barbeque cooker "the personal property of Granville County Law Enforcement Association, . . ." a misdemeanor, because this bill of indictment is fatally defective since it fails to charge the defendant with the larceny of the cooker from a legal entity capable of owning property. *See State v. Roberts*, 14 N.C.

App. 648, 188 S.E. 2d 610 (1972); *State v. Thornton*, 251 N.C. 658, 111 S.E. 2d 901 (1960); and *State v. Biller*, 252 N.C. 783, 114 S.E. 2d 659 (1960).

The result is: in Case No. 81CRS2483, larceny of the barbeque cooker, judgment must be arrested. In Case No. 81CRS2536, breaking or entering and larceny of the air compressor, no error.

Judgment arrested in part; no error in part.

Judges ARNOLD and WELLS concur.