STATE OF NORTH CAROLINA v. DWIGHT McKENSEY PRICE, DEFENDANT

No. COA04-1024

(Filed 7 June 2005)

**1. Larceny; Personal Property— larceny—injury to personal property—indictment—entity capable of owning property**

Defendant's convictions for larceny of parking meters and injury to personal property are vacated because the indictments named "City of Asheville Transit and Parking Services" as the owner of the property which did not clearly indicate an entity capable of owning property.

**2. Burglary and Unlawful Breaking or Entering— breaking into coin-operated machine—indictment—allegation of ownership unnecessary**

Defendant's convictions for breaking into a coin-operated machine under N.C.G.S. § 14-56.1 is upheld even though ownership was not alleged in the indictment, because an allegation of ownership is not necessary to sustain this charge.

Appeal by Defendant from judgment entered 29 October 2003 by Judge Albert Diaz in Superior Court, Buncombe County. Heard in the Court of Appeals 10 May 2005.

*Attorney General Roy Cooper, by Assistant Attorney General David J. Adinolfi II, for the State.*

*Bryan Gates, Jr., for defendant-appellant.*

WYNN, Judge.

In *State v. Strange*, 58 N.C. App. 756, 757, 294 S.E.2d 403, 404 (1982) this Court found an indictment for larceny fatally defective because the words "Granville County Law Enforcement Association" did not import a legal entity capable of owning property. In this case, Defendant contends his convictions for larceny of parking meters cannot stand because the indictments named "City of Asheville Transit and Parking Services," which is not a legal entity capable of owning property, as the owner. Finding this Court's holding in *Strange* to be controlling, we agree; accordingly, we vacate Defendant's convictions for larceny and injury to personal property. However, we uphold Defendant's convictions for breaking into a coin-

operated machine since we hold that an allegation of ownership is not necessary to sustain that charge.

The evidence at trial tended to show that on 5 September 2002, Officer Dwight Arrowood, a member of the Asheville Police Department, observed Defendant Dwight McKensey Price cutting into a parking meter with a hacksaw. Officer Arrowood arrested Defendant and seized his blue tote bag, hacksaw with a blade, and coins totaling $4.60.

On 17 November 2002, Officer Arrowood observed Defendant sitting on a bench with a "tire tool" approximately an arm's length away. Upon returning twenty-five to thirty minutes later, Officer Arrowood observed a parking meter that had been broken into—to the right of where Defendant had been sitting. A short while later Defendant was arrested with a "tire tool" and coins totaling $16.70.

On 8 January 2003, June Melton saw a man prying open the back of a parking meter in front of her business in downtown Asheville. Ms. Melton had a co-worker, Carol Laurent, watch the man while she called the police. Ms. Laurent gave a description of the man she saw and later identified Defendant. Officer Luke Bigelow arrested Defendant, who had a screwdriver in his hand and $9.96 in coins.

The jury found Defendant guilty of misdemeanor larceny, three counts of breaking into a coin-operated machine, and injury to personal property causing more than $200.00 of damage. The jury also found Defendant guilty of being a habitual felon. Defendant was sentenced to ninety-three months to 121 months imprisonment. Defendant appeals.

---

[1] On appeal, Defendant first challenges the indictments supporting his convictions for injury to personal property and larceny.

To convict a defendant of injury to personal property, the State must prove that the personal property was that "of another," i.e., someone other than the person or persons accused. N.C. Gen. Stat. § 14-160 (2004) ("If any person shall wantonly and willfully injure the personal property of another he shall be guilty . . . ."); *In re Meaut*, 51 N.C. App. 153, 155, 275 S.E.2d 200, 201 (1981). Moreover, "an indictment for larceny must allege the owner or person in lawful possession of the stolen property." *State v. Downing*, 313 N.C. 164, 166, 326 S.E.2d 256, 258 (1985). Thus, to be sufficient, an indictment for injury to personal property or larceny must allege the owner or person in

lawful possession of the injured or stolen property. However, "[i]f the entity named in the indictment is not a person, it must be alleged 'that the victim was a legal entity capable of owning property[.]' " *State v. Phillips*, 162 N.C. App. 719, 721, 592 S.E.2d 272, 273 (2004) (quoting *State v. Woody*, 132 N.C. App. 788, 790, 513 S.E.2d 801, 803 (1999)).

Here, the indictments for injury to personal property and larceny named the property owner as "City of Asheville Transit and Parking Services," which is not a natural person. Significantly, the indictment did not allege that it was a legal entity capable of owning property. *See Phillips*, 162 N.C. App. at 721, 592 S.E.2d at 273.

In *State v. Thornton*, 251 N.C. 658, 661, 111 S.E.2d 901, 903 (1960), our Supreme Court held "that the fact of incorporation need not be alleged where the corporate name is correctly set out in the indictment." *Id.* (citation omitted). Nonetheless, the Court found an indictment for embezzlement fatally defective because the words "The Chuck Wagon" did not import a corporation capable of owning property. *Id.* at 662, 111 S.E.2d at 904. Thereafter, in *State v. Turner*, 8 N.C. App. 73, 75, 173 S.E.2d 642, 643 (1970), this Court upheld an indictment for larceny that named the "City of Hendersonville" as the property owner because it clearly denoted a municipal corporation authorized to own personal property. But more recently, in *Strange*, 58 N.C. App. at 757, 294 S.E.2d at 404, this Court held an indictment for larceny naming "Granville County Law Enforcement Association" as the property owner to be fatally defective because the words neither correctly set out a corporate name nor imported a legal entity capable of owning property.

Here, as in *Strange*, the words "City of Asheville Transit and Parking Services" do not indicate a legal entity capable of owning property. Moreover, this case is unlike *Turner*, in which "City of Hendersonville" was sufficient as it clearly denoted a municipal corporation, because the additional words after "City of Asheville" make it questionable what type of organization it is. Following *Strange*, we conclude that the name on the indictment in this case did not clearly indicate a corporate entity capable of owning property; and the indictments for larceny and injury to personal property failed to allege that "City of Asheville Transit and Parking Services" was an entity capable of owning property. Accordingly, these indictments were fatally defective and must be vacated.

[2] Defendant further contends that his convictions for breaking into a coin-operated machine in violation of section 14-56.1 of the North

Carolina General Statutes must likewise be vacated because ownership was not properly alleged. N.C. Gen. Stat. § 14-56.1 (2004) ("Any person who forcibly breaks into . . . any coin- or currency-operated machine with intent to steal any property or moneys therein shall be guilty . . . ."). We disagree with that contention.

As this Court has not examined whether the State must prove, as an element of section 14-56.1, the identification of the owner of the property, we will look to an analogous statute. Section 14-54(a) of the North Carolina General Statutes makes breaking and entering buildings a crime. N.C. Gen. Stat. § 14-54(a) (2004) ("Any person who breaks or enters any building with intent to commit any felony . . . ."). This Court has held that,

it was not necessary that the indictment allege ownership of the building; it was only necessary that the State 'identify the building with reasonable particularity so as to enable the defendant to prepare his defense and plead his conviction or acquittal as a bar to further prosecution for the same offense.'

*State v. Norman*, 149 N.C. App. 588, 592, 562 S.E.2d 453, 456 (2002) (quoting *State v. Carroll*, 10 N.C. App. 143, 145, 178 S.E.2d 10, 12 (1970)). Because we find section 14-56.1 to be analogous to section 14-54(a) of the North Carolina General Statutes, we conclude that the identification of the owner of the property is not an element of the crime of breaking into a coin-operated machine under section 14-56.1. Accordingly, we uphold Defendant's convictions under the three indictments for breaking into a coin-operated machine.

Defendant failed to argue his remaining assignment of error in his brief; it is therefore deemed abandoned. N.C. R. App. P. 28(b)(6).

In sum, we vacate 02CRS61581 and 02CRS15483 and find no error as to 03CRS50310, 02CRS65019, and 02CRS61580.

Vacated in part, No Error in part.

Judges BRYANT and JACKSON concur.