NO. COA14-77

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

    v.                                Wake County
                                    Nos. 11 CRS 210130
DWAYNE ANTHONY ELLIS,                    11 CRS 211154
       Defendant.


Appeal by defendant from judgments entered 2 August 2013 by Judge W. Osmond Smith in Wake County Superior Court. Heard in the Court of Appeals 11 September 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Joseph E. Elder, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender James R. Grant, for defendant-appellant.*


GEER, Judge.

Defendant Dwayne Anthony Ellis appeals from his convictions of felony larceny, injury to personal property, first degree trespass, and possession of stolen property. Defendant's sole argument on appeal is that the information charging defendant with injury to personal property was fatally defective because it failed to allege that the owners of the injured property -- "North Carolina State University (NCSU) and NCSU High Voltage Distribution" -- are legal entities capable of owning property.

Under *State v. Campbell*, ___ N.C. App. ___, 759 S.E.2d 380 (2014), when an indictment alleges that the property at issue has multiple owners, the indictment must also show that each owner is capable of owning property. Because the information fails to allege with respect to the charge of injury to personal property that "NCSU High Voltage Distribution" is a legal entity capable of owning property, the information is fatally flawed. Accordingly, we vacate defendant's injury to personal property conviction and remand for resentencing on defendant's remaining convictions.

## Facts

The State's evidence tended to show the following facts. On 23 April 2011 at around 4:30 a.m., Sergeant Ian Kendrick of the North Carolina State University ("NCSU") Police initiated a traffic stop of a Chrysler 300 with an attached trailer that had exited from a parking lot near an electrical substation. Defendant, the driver of the vehicle, was taken into custody for an unrelated matter. During a pre-impoundment inventory search of the Chrysler, law enforcement officers discovered four large rolls of copper wire and wet, muddy clothing. It was later discovered that the copper wire had been taken from a fenced in area of the electrical substation. Because the copper wire had

been cut, it could no longer be used at the electrical substation.

On 12 July 2011 defendant was indicted in case file number 11 CRS 210130 for felony larceny, misdemeanor injury to personal property, and first degree trespass in connection with the 23 April 2011 theft of the stolen copper wire. The same day, defendant was indicted in case file number 11 CRS 211154 for felony possession of stolen goods relating to a separate incident on 14 February 2011. On 23 July 2013, defendant waived the finding and return of an indictment and consented to being tried on superseding informations alleging the same offenses. With respect to each charge in 11 CRS 210130, the State alleged that the copper wire was the personal property of "North Carolina State University (NCSU) and NCSU High Voltage Distribution."

The trial court granted the State's motion to join the two cases for trial, and on 2 August 2013, a jury found defendant guilty of felony larceny, misdemeanor injury to personal property, and first degree trespass in 11 CRS 210130 and of misdemeanor possession of stolen goods in 11 CRS 211154. The trial court consolidated the convictions in 11 CRS 210130 into one judgment and sentenced defendant to a presumptive-range term of six to eight months imprisonment, followed by a consecutive

term of 45 days imprisonment for the conviction in 11 CRS 211154. Defendant timely appealed to this Court.

## Discussion

Defendant's sole argument on appeal is that the trial court lacked subject matter jurisdiction over the injury to personal property charge because the information was fatally defective in that it failed to allege that "North Carolina State University (NCSU) and NCSU High Voltage Distribution" are legal entities capable of owning property.

It is well settled that a valid indictment alleging all of the essential elements of the offense is required for a trial court to obtain subject matter jurisdiction over the charge. *State v. Ledwell*, 171 N.C. App. 328, 331, 614 S.E.2d 412, 414 (2005). When, as in this case, the defendant properly waives the indictment, the trial court may proceed on an information, which must "charge the crime or crimes in the same manner" as an indictment. N.C. Gen. Stat. § 15A-923(b) (2013). Although defendant did not challenge the sufficiency of the information below, "[a] challenge to the facial validity of an indictment may be brought at any time, and need not be raised at trial for preservation on appeal." *State v. LePage*, 204 N.C. App. 37, 49, 693 S.E.2d 157, 165 (2010). This Court reviews the sufficiency of an indictment -- or, in this case, an information -- de novo.

*State v. Chillo*, 208 N.C. App. 541, 543, 705 S.E.2d 394, 396 (2010).

This Court has previously addressed the requirements for indictments for injury to personal property and the similar crime of larceny:

> To convict a defendant of injury to personal property, the State must prove that the personal property was that "of another," i.e., someone other than the person or persons accused. N.C. Gen. Stat. § 14-160 (2004) ("If any person shall wantonly and willfully injure the personal property of another he shall be guilty . . . ."); *In re Meaut*, 51 N.C. App. 153, 155, 275 S.E.2d 200, 201 (1981). Moreover, "an indictment for larceny must allege the owner or person in lawful possession of the stolen property." *State v. Downing*, 313 N.C. 164, 166, 326 S.E.2d 256, 258 (1985). Thus, to be sufficient, an indictment for injury to personal property or larceny must allege the owner or person in lawful possession of the injured or stolen property.

*State v. Price*, 170 N.C. App. 672, 673-74, 613 S.E.2d 60, 62 (2005). Moreover, "'[i]f the entity named in the indictment is not a person, it must be alleged that the victim was a legal entity capable of owning property[.]'" *Id.* at 674, 613 S.E.2d at 62 (quoting *State v. Phillips*, 162 N.C. App. 719, 721, 592 S.E.2d 272, 273 (2004)).

Count II of the information in 11 CRS 210130 alleged that defendant

unlawfully and willfully did wantonly injure and damage personal property, 228 feet of 350 primary copper wire, the personal property of North Carolina State University (NCSU) and NCSU High Voltage Distribution, resulting in damage in excess of $200. This act was done in violation of NCGS § 14-160.

With respect to indictments alleging multiple owners of personal property, as the information did in this case, this Court has recently explained:

Where an indictment alleges two owners of the stolen property, the State must prove that each owner had at least some property interest in it. *See State v. Greene*, 289 N.C. 578, 585, 223 S.E.2d 365, 370 (1976) ("If the person alleged in the indictment to have a property interest in the stolen property is not the owner or special owner of it, there is a fatal variance entitling defendant to a nonsuit."); *State v. Burgess*, 74 N.C. 272, 273 (1876) ("If one is charged with stealing the property of A, it will not do to prove that he stole the joint property of A and B."); *State v. Hill*, 79 N.C. 656, 659 (1878) (holding that where an indictment alleges multiple owners, the State must prove that there were in fact multiple owners). If one of the owners were incapable of owning property, the State necessarily would be unable to prove that both alleged owners had a property interest. *Therefore, where the indictment alleges multiple owners, one of whom is not a natural person, failure to allege that such an owner has the ability to own property is fatal to the indictment.*

*Campbell*, ___ N.C. App. at ___, 759 S.E.2d at 384 (emphasis added).

In *Campbell*, the indictment for larceny alleged two owners of the stolen property -- a natural person and "Manna Baptist Church" -- but did not allege that the church was a legal entity capable of owning property. *Id.* at ___, 759 S.E.2d at 384. This Court held that the indictment was fatally flawed and vacated the defendant's conviction for larceny. *Id.* at ___, 759 S.E.2d at 384.

Although *Campbell* involved an indictment for larceny, the same reasoning applies to the information for injury to personal property in this case. *See State v. Lilly*, 195 N.C. App. 697, 702, 673 S.E.2d 718, 721-22 (2009) ("Since this Court has previously held that both larceny and injury to personal property have the same requirement that the indictment allege ownership or lawful possession of the property, we think the Court's reasoning in [*State v. *]*Liddell*, [39 N.C. App. 373, 250 S.E.2d 77 (1979),] addressing a larceny indictment, applies with equal force in the context of a prosecution for injury to personal property."). Accordingly, we hold that to be sufficient, the information in this case must have shown that both NCSU and "NCSU High Voltage Distribution" are legal entities capable of owning property.

With respect to NCSU, the State argues that it is clear from the information that NCSU is a legal entity capable of

owning property. We agree. In *State v. Turner*, 8 N.C. App. 73, 75, 173 S.E.2d 642, 643 (1970), this Court upheld an indictment for larceny that named the "'City of Hendersonville'" as the owner of the stolen property. The Court took judicial notice of the public act establishing Hendersonville as a municipal corporation and explained that "the words 'City of Hendersonville' denote a municipal corporate entity. Municipal corporations are expressly authorized to purchase and hold personal property." *Id.*

As with the municipality in *Turner*, the legislature has provided, in N.C. Gen. Stat. § 116-4 (2013), that North Carolina State University is a constituent institution of the University of North Carolina, "a body politic and corporate" expressly authorized under N.C. Gen. Stat. § 116-3 (2013) to own property. Thus, we hold that the words "North Carolina State University" sufficiently allege a legal entity capable of owning property.

In contrast to *Turner*, this Court held in *Price* that an indictment for larceny and injury to personal property alleging that the property at issue was owned by "'City of Asheville Transit and Parking Services,'" without more, was fatally defective. 170 N.C. App. at 674, 613 S.E.2d at 62. The Court distinguished *Turner* "in which 'City of Hendersonville' was sufficient as it clearly denoted a municipal corporation,

because the additional words after 'City of Asheville' make it questionable what type of organization it is." *Id.*

Similarly, here, the words "NCSU High Voltage Distribution" do not identify a legal entity necessarily capable of owning property because the additional words after "NCSU" do not indicate what type of organization it is. The information is, therefore, insufficient to show that "NCSU High Voltage Distribution" is a legal entity capable of owning property. *See also State v. Strange*, 58 N.C. App. 756, 757, 294 S.E.2d 403, 404 (1982) (holding indictment for larceny naming owner as "Granville County Law Enforcement Association" was fatally defective).

Because the information failed to allege that one of the owners, "NCSU High Voltage Distribution," is a legal entity capable of owning property, we hold that the information is fatally defective and vacate defendant's conviction for injury to personal property. Defendant does not, however, challenge any of his remaining convictions on appeal.

We note that the trial court consolidated defendant's conviction for injury to personal property with the other offenses in case file number 11 CRS 210130 and sentenced defendant under the Class H felony of larceny to a presumptive-range term of six to eight months imprisonment. Our Supreme

Court has explained that "[s]ince it is probable that a defendant's conviction for two or more offenses influences adversely to him the trial court's judgment on the length of the sentence to be imposed when these offenses are consolidated for judgment, we think the better procedure is to remand for resentencing when one or more but not all of the convictions consolidated for judgment has been vacated." *State v. Wortham*, 318 N.C. 669, 674, 351 S.E.2d 294, 297 (1987). Accordingly, we remand for resentencing on defendant's remaining convictions in case file number 11 CRS 210130.

No error in part; vacated in part; and remanded.

Judges STEELMAN and DIETZ concur.