IN THE SUPREME COURT OF NORTH CAROLINA

No. 405PA14

FILED 25 SEPTEMBER 2015

STATE OF NORTH CAROLINA

v.

DWAYNE ANTHONY ELLIS

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 763 S.E.2d 574 (2014), finding no error in part and vacating in part a judgment entered on 2 August 2013 by Judge W. Osmond Smith, III, in Superior Court, Wake County, and remanding this case to the trial court. Heard in the Supreme Court on 22 April 2015.

*Roy Cooper, Attorney General, by Teresa M. Postell, Assistant Attorney General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by James R. Grant, Assistant Appellate Defender, for defendant-appellee.*

ERVIN, Justice.

Defendant Dwayne Anthony Ellis was convicted of felonious larceny, injury to personal property causing damage in excess of $200.00, first degree trespass, and misdemeanor possession of stolen property. A unanimous panel of the Court of Appeals vacated defendant's injury to personal property conviction and remanded this case to the trial court for resentencing. We now reverse the decision of the Court of Appeals.

At around 4:30 a.m. on 23 April 2011, Sergeant Ian Kendrick of the North Carolina State University Police Department witnessed a vehicle with an attached trailer leaving a parking lot near an electrical substation located on the University's campus. After noting that the vehicle had no visible tail lights and that the trailer was dragging the ground, Sergeant Kendrick stopped the vehicle, which was being driven by defendant. During the course of a pre-impoundment inventory search of the vehicle, investigating officers discovered, among other things, four large rolls of copper wire and a collection of wet, muddy clothing. Subsequently, investigating officers determined that the copper wire had been taken from a fenced-in area associated with the electrical substation. The remaining wire on the spool at the substation had been damaged to such an extent that it was no longer useable.

On 12 July 2011, the Wake County grand jury returned a bill of indictment in File No. 11 CrS 210130 that purported to charge defendant with felonious larceny, injury to personal property causing damage in excess of $200.00, and first degree trespass stemming from the 23 April 2011 incident and a separate bill of indictment in File No. 11 CrS 211154 that purported to charge defendant with felonious possession of stolen property stemming from his possession of a trailer that had allegedly been taken from Shaw University. On 25 July 2013, defendant consented to the filing of a pair of superseding informations that purported to allege the same offenses charged in the original bills of indictment, with the principal difference between the original indictment and the information in File No. 11 CrS 210130 being

the manner in which the ownership of the property that defendant allegedly stole, damaged, and trespassed upon was stated. More specifically, the indictment returned against defendant in File No. 11 CrS 210130 alleged that the property in question was owned by "NC State University High Voltage Distribution," while the information filed against defendant in File No. 11 CrS 210130 alleged that the property was owned by "North Carolina State University (NCSU) and NCSU High Voltage Distribution."

On 2 August 2013, the jury returned a verdict convicting defendant of felonious larceny, misdemeanor injury to personal property, first degree trespass, and misdemeanor possession of stolen property. After accepting the jury's verdict and consolidating defendant's convictions in File No. 11 CrS 210130 for judgment, the trial court sentenced defendant to a term of six to eight months imprisonment in File No. 11 CrS 210130 and to a consecutive term of forty-five days imprisonment in File No. 11 CrS 211154. Defendant noted an appeal to the Court of Appeals from the trial court's judgments.

In his sole challenge to the trial court's judgments before the Court of Appeals, defendant argued that "the trial court lacked subject matter jurisdiction over the injury to personal property charge because the information filed" in File No. 11 CrS 210130 "failed to allege that 'North Carolina State University (NCSU) and NCSU High Voltage Distribution' were legal entities capable of owning property." *State v. Ellis*, ___ N.C. App. ___, ___, 763 S.E.2d 574, 575 (2014). After holding that the

information did, in fact, adequately allege that North Carolina State University was an entity capable of owning property, a unanimous panel of the Court of Appeals held that the same could not be said for the ownership allegation relating to "NCSU High Voltage Distribution" given the absence of any indication that "NCSU High Voltage Distribution" was a legal entity capable of owning property. *Id.* at ___, 763 S.E.2d at 576-77. Acting in reliance upon its recent decision in *State v. Campbell*, ___ N.C. App. ___, 759 S.E.2d 380 (2014), *rev'd*, ___ N.C. ___, 772 S.E.2d 440 (2015), the Court of Appeals stated that, "when an indictment alleges that the property at issue has multiple owners, the indictment must also show that each owner is capable of owning property." *Ellis*, ___ N.C. App. at ___, 763 S.E.2d at 574. In view of the fact that the second count of the information filed in File No. 11 CrS 210130 failed to allege that "NCSU High Voltage Distribution" was capable of owning property, the Court of Appeals concluded that the trial court lacked jurisdiction over the injury to personal property charge, vacated defendant's conviction for committing that offense, and remanded this case to the trial court for resentencing. *Id.* at ___, 763 S.E.2d at 577.

"[A]n [information or] indictment must allege lucidly and accurately all the essential elements of the offense endeavored to be charged." *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (citation omitted), *cert. denied*, 539 U.S. 985, 124 S. Ct. 44, 156 L. Ed. 2d 702 (2003); *see also* N.C.G.S. § 15A-924(a)(5) (2013) (requiring that a criminal pleading contain a "plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every

element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation"). A criminal pleading, such as an information, is fatally defective if it "fails to state some essential and necessary element of the offense of which the defendant is found guilty." *State v. Gregory*, 223 N.C. 415, 418, 27 S.E.2d 140, 142 (1943) (citations omitted).

An individual is guilty of injury to personal property in the event that: (1) personal property was injured; (2) the personal property was that "of another"; (3) the injury was inflicted "wantonly and willfully"; and (4) the injury was inflicted by the person or persons accused. N.C.G.S. § 14-160 (2013). The identity of the owner of the property that the defendant allegedly injured is a material element of the offense of injury to personal property. *See State v. Eppley*, 282 N.C. 249, 259, 192 S.E.2d 441, 448 (1972). For that reason, a criminal pleading seeking to charge the commission of crimes involving theft of or damage to personal property, including injury to personal property, must "allege ownership of the property in a person, corporation, or other legal entity capable of owning property." *State v. Thornton*, 251 N.C. 658, 661-62, 111 S.E.2d 901, 903 (1960) (citation and quotation marks omitted).

As he candidly concedes, defendant did not challenge the sufficiency of the second count of the information filed against him in File No. 11 CrS 210130 in the trial court. However, since "a valid bill of indictment [or information] is essential to the jurisdiction of the trial court to try an accused," *State v. Sturdivant*, 304 N.C. 293,

308, 283 S.E.2d 719, 729 (1981) (citations omitted), the facial validity of a criminal pleading may be challenged for the first time on appeal if the appellate court has jurisdiction over the underlying case. *State v. Pennell*, 367 N.C. 466, 469, 758 S.E.2d 383, 385 (2014) (citation omitted).

As we have already noted, the only issue before the Court in this case is the extent to which the second count in the information filed in File No. 11 CrS 210130 adequately alleged that the property that defendant was alleged to have injured was that "of another." Defendant does not appear to dispute that North Carolina State University is expressly authorized to own property by statute, N.C.G.S. § 116-3 (2013), and is, for that reason, an entity inherently capable of owning property. *See Campbell*, ___ N.C. at ___, 772 S.E.2d at 444 (holding that, because "our statutes recogniz[e] that churches are entities capable of owning property in North Carolina," "alleging ownership of property in an entity identified as a church or other place of religious worship . . . signifies an entity capable of owning property"). Thus, because North Carolina State University is, as the Court of Appeals correctly recognized, an entity capable of owning property, a criminal pleading that charges the defendant with injuring personal property owned by North Carolina State University adequately alleges "all the essential elements of the offense endeavored to be charged." *Hunt*, 357 N.C. at 267, 582 S.E.2d at 600 (citation and quotation marks omitted). Defendant contends, however, that the relevant count of the information is fatally defective because "NCSU High Voltage Distribution" was not alleged to be an

entity capable of owning property. Assuming, without deciding, that the relevant count of the information did not adequately allege that "NCSU High Voltage Distribution" was an entity capable of owning property, that fact does not render the relevant count facially defective.

According to defendant, this Court's decisions establish that, where a criminal pleading purporting to charge the commission of an injury to personal property lists two entities as property owners, both entities must be adequately alleged to be capable of owning property for the pleading to properly charge the commission of the crime. Although defendant cites numerous cases in support of this position, each decision on which he relies involves a claim that a fatal variance existed between the crime charged in the relevant criminal pleading and the evidence offered by the State at trial, rather than a challenge to the facial sufficiency of the underlying criminal pleading. For example, in *State v. Greene*, 289 N.C. 578, 585-86, 223 S.E.2d 365, 370 (1976), this Court held that there was no fatal variance between the indictment and the evidence in a case in which both men listed as property owners in the indictment were shown to have an ownership interest in the property. Similarly, we concluded in *State v. Hill*, 79 N.C. 656, 658-59 (1878), that a fatal variance did exist in a case in which the indictment alleged that the property was owned by "Lee Samuel and others" while the evidence showed that Lee Samuel was the sole owner of the property in question. Finally, in *State v. Burgess*, 74 N.C. 272, 272-73 (1876), we determined that a fatal variance existed in a case in which the indictment alleged that the

property was owned by Joshua Brooks while the evidence tended to show that the property in question was owned by both Mr. Brooks and an individual named Hagler. As a result, none of the decisions upon which defendant relies stand for the proposition that all of the alleged victims named in a criminal pleading that purports to charge a defendant with the commission of certain property-related crimes must be alleged to have been capable of owning the property in order to preclude a finding of facial invalidity.

Although neither party has identified any prior decision of this Court that is directly on point with respect to this issue, our jurisprudence suggests, as the State argues, that a criminal pleading purporting to charge the commission of a property-related crime like injury to personal property is not facially invalid as long as that criminal pleading adequately alleges the existence of at least one victim that was capable of owning property, even if the same criminal pleading lists additional victims who were not alleged to have been capable of owning property as well. In *State v. Jessup*, 279 N.C. 108, 109, 181 S.E.2d 594, 595 (1971), an indictment alleged that the property taken in a larceny was owned by "the estate of W.M. Jessup." After concluding that the indictment was fatally defective because a decedent's estate is not a legal entity capable of owning property, *id.* at 111, 181 S.E.2d at 597, this Court favorably referenced a Texas decision upholding the validity of an indictment that alleged that the property in question was owned by "the estate of Mary E. Rose" and possessed by an heir named "W.C. Shandley," *id.* at 114, 181 S.E.2d at 598. The

implied distinction drawn in *Jessup* between the validity of an indictment alleging that property had been stolen from an entity that was not capable of owning property and an indictment alleging that property had been stolen from both an entity that was not capable of owning property and a person who was capable of owning property, with the former being invalid and the latter being valid, suggests that a criminal pleading like the second count of the information at issue here is not facially invalid as long as at least one person capable of owning property is named as the victim of the crime in question. *See also Greene*, 289 N.C. at 584-85, 223 S.E.2d at 369-70 (stating that, "[s]ince [*State v.*] *Jenkins*[, 78 N.C. 478 (1878),] was decided, the general law has been that the indictment in a larceny case must allege a person who has a property interest in the property stolen"). Such a determination is fully consistent with the entire concept of facial invalidity, which should be judged based solely upon the language of the criminal pleading in question without giving any consideration to the evidence that is ultimately offered in support of the accusation contained in that pleading. As a result, given that injuring personal property owned by North Carolina State University would constitute a criminal offense, the second count of the information in File No. 11 CrS 210130 is not facially invalid.

Thus, we hold that, in the event that a criminal pleading alleges that injury to personal property was committed against multiple entities, at least one of which is capable of owning property, that pleading is not facially invalid. As a result, for the reasons set forth above, the decision of the Court of Appeals is reversed.

REVERSED.