IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-712

No. COA22-41

Filed 1 November 2022

Graham County, Nos. 94 CRS 431, 14 CRS 50285, 15 CRS 253

STATE OF NORTH CAROLINA

v.

BILLY EDWARDS, Defendant.

Appeal by Defendant from order entered 11 September 2020 by Judge William H. Coward in Graham County Superior Court. Heard in the Court of Appeals 24 August 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney General Zachary K. Dunn, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for Defendant.*

GRIFFIN, Judge.

Defendant Billy Edwards appeals from an order denying his motion for appropriate relief. Defendant asserts the trial court improperly denied his MAR because the State's felony larceny indictment failed to allege a legal entity capable of owning property. We affirm the trial court's order.

## I.   Factual and Procedural History

On 13 June 1994, Defendant was indicted for breaking and entering, felony

larceny, and felony possession of stolen goods. The indictment alleged Defendant broke into a building occupied by Graham County Schools and stole a television, VCR, and microwave. Graham County Schools was named as the owner of the property. On 14 December 1995, Defendant pled guilty to felony larceny and was sentenced to three years in prison.

¶ 3       Almost twenty years later, Defendant was indicted for possession of stolen goods or property and safecracking. Defendant was subsequently indicted as a habitual felon. The habitual felon indictment included the 14 December 1995 felony larceny conviction as one of the qualifying convictions. A jury found Defendant guilty of possession of stolen goods or property and felonious safecracking. Defendant pled guilty to obtaining a habitual felon status. Defendant was sentenced to a minimum of eighty-four months in prison.

¶ 4       Defendant appealed the ruling, and this Court reversed the conviction for felonious safecracking, vacated the consolidated judgment, and remanded the case for resentencing. *See State v. Edwards*, 252 N.C. App. 265, 2017 WL 897711 (March 7, 2017) (unpublished). The trial court entered a judgment and found Defendant guilty of possession of stolen goods and for attaining habitual felon status.

¶ 5       On 11 May 2020, Defendant filed an MAR asserting that the trial court lacked jurisdiction to accept Defendant's 14 December 1995 felony larceny plea. Defendant claimed the trial court lacked jurisdiction because the indictment "did not identify

the victim as a business or other entity capable of owning property." Additionally, since the felony larceny conviction was one of three convictions included on Defendant's habitual felon indictment, Defendant argued the habitual felon conviction should be vacated and Defendant should be resentenced pursuant only to the charge of possession of stolen goods.

¶ 6        On 11 September 2020, the trial court entered an order denying Defendant's MAR. The trial court determined that the victim named in the indictment—"Graham County Schools"—clearly "implie[d] the statutorily-required ownership by the Graham County Board of Education."

¶ 7        On 21 May 2021, Defendant filed a petition for writ of certiorari, which was granted.

## II.    Analysis

¶ 8        Generally, "appellate courts review trial court orders deciding motions for appropriate relief to determine whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court." *State v. Hyman*, 371 N.C. 363, 382, 817 S.E.2d 157, 169 (2018) (citations and internal quotation marks omitted). However, when a defendant's MAR only raises a legal issue, this Court reviews the challenge *de novo*. *State v. Marino*, 265 N.C. App. 546, 549, 828 S.E.2d 689, 692 (2019).

¶ 9        Here, Defendant attacks the sufficiency of an indictment, which is a question of law. *See State v. Oldroyd*, 380 N.C. 613, 2022-NCSC-27, ¶ 8 (citation omitted) ("When a criminal defendant challenges the sufficiency of an indictment lodged against him, that challenge presents this Court with a question of law which we review de novo."). We therefore employ a *de novo* standard in our review.

¶ 10        "It is well settled 'that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony.'" *State v. Campbell*, 368 N.C. 83, 83, 772 S.E.2d 440, 443 (2015) (quoting *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981) (citations omitted)). Indictments function to "identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime." *Sturdivant*, 304 N.C. at 311, 283 S.E.2d at 731 (citation omitted). While indictments "must satisfy both the statutory strictures of N.C.G.S. § 15A-924 and the constitutional purposes which indictments are designed to satisfy[,]" these strictures are not intended "to bind the hands of the State with technical rules of pleading[.]" *Oldroyd*, 2022-NCSC-27, ¶ 8 (citation omitted); *Sturdivant*, 304 N.C. at 311, 283 S.E.2d at 731.

¶ 11        Defendant specifically asserts his larceny indictment is fatally defective because it failed to allege ownership by a legal entity capable of owning property. Defendant argues the use of "Graham County Schools" in his indictment renders it

fatally defective because "the Graham County Board of Education is the exclusive entity capable of owning school property in Graham County." We disagree.

¶ 12     A valid larceny indictment "allege[s] the ownership of the [stolen] property either in a natural person or a legal entity capable of owning (or holding) property." *Campbell*, 368 N.C. 83, 772 S.E.2d at 443 (citations and internal quotation marks omitted). An indictment alleging ownership in an entity must indicate, if the owner is not a natural person, that the entity "'is a corporation or otherwise a legal entity capable of owning property,' unless the entity's name itself 'imports an association or a corporation capable of owning property.'" *Id.* (quoting *State v. Thornton*, 251 N.C. 658, 661, 111 S.E.2d 901, 903 (1960).

¶ 13     In applying these rules, our Supreme Court has held that merely listing a company's name that gives no indication that it is a corporation or failing to state that it is an entity capable of owning property is insufficient for a valid larceny indictment. *See Thornton*, 251 N.C. at 662, 111 S.E.2d at 904 ("In the indictment sub judice, there is no allegation that 'The Chuck Wagon' is a corporation, and the words 'The Chuck Wagon' do not import a corporation."). On the other hand, larceny indictments have been upheld where the name of the entity relates back or "imports" an entity that can own property. *See Campbell*, 368 N.C. at 83, 772 S.E.2d at 444 (holding that alleging "a church or other place of religious worship" as the property owner is sufficient for a valid larceny indictment); *State v. Ellis*, 368 N.C. 342, 346,

776 S.E.2d 675, 678 (2015) (affirming this Court's recognition of "North Carolina State University" as an entity capable of owning property).

In *Campbell* and *Ellis*, the Court pointed out that the entity at issue in each case was authorized by our General Statues to own property. *See* N.C. Gen. Stat. §§ 61-2 – 61-5 (2021) (authorizing religious societies' ownership of property); *Id.* § 116-3 (authorizing "the University of North Carolina" as an entity capable of owning property). Significant to our analysis in this case is the Court's use of section 116-3 to hold that North Carolina State University is an entity capable of owning property when the statute only states "[t]he Board of Governors of the University of North Carolina . . . [and] the University of North Carolina[,]" while North Carolina State University is a constituent institution of the University of North Carolina. *Compare id.* ("The Board of Governors of the University of North Carolina shall be known and distinguished by the name of 'the University of North Carolina' and shall continue as a body politic and corporate . . . ."), *with id.* § 116-4 ("The University of North Carolina shall be composed of the following institutions of higher education . . . North Carolina State University at Raleigh . . . ."). *Ellis* is instructive in the case before us because although the corporate body capable of owning property is the University of North Carolina, North Carolina State University falls under the corporate body as a constituent institution, yet was sufficient for a valid larceny indictment as an entity capable of owning property. *Ellis*, 368 N.C. at 346, 776 S.E.2d at 678; *see also Bd. of*

*Governors of Univ. of N.C. v. U.S. Dep't of Lab.*, 917 F.2d 812, 816 (4th Cir. 1990) (stating that N.C. Gen. Stat. § 116-3 "constitutes the Board of Governors of UNC as 'a body politic and corporate.' It does not grant this status to any of the sixteen campuses that the Board administers." (citations omitted)).

¶ 15 Here, our General Statutes state that "[t]he board of education of each county in the State shall be a body corporate by the name and style of 'The .......... County Board of Education,' . . . [and] shall hold all school property and be capable of purchasing and holding real and personal property[.]" N.C. Gen. Stat. § 115C-40 (2021). While the Graham County Board of Education may be the corporate body capable of owning property by statute, we find this case similar to *Ellis*. The Court there found that "North Carolina State University" was sufficient as a legal entity capable of owning property. Here, we conclude that "Graham County Schools," and the addition of the specific location as "Robbinsville Elementary School," while not the corporate body "Graham County Board of Education," falls under the umbrella of the "Graham County Board of Education," like that of a constituent institution to the University of North Carolina.

¶ 16 We hold the use of "Graham County Schools," with the addition of the specific location as "Robbinsville Elementary School," in this case was sufficient for a valid larceny indictment because it "imports" the Graham County Board of Education. *Thornton*, 251 N.C. at 661, 111 S.E.2d at 903.

### III.    Conclusion

¶ 17        For the foregoing reasons, we affirm the trial court's order denying Defendant's

MAR.

AFFIRMED.

Judges TYSON and ARROWOOD concur.